[Civ. No. 12506. Second Appellate District, Division Two.—April 26, 1940.]

DAROLD F. DANIELS, Respondent, v. ALVIN E. JOHNSON, Appellant.

C. Ibeson Sweet for Appellant.

Edwin C. Boehler and Ezra Neff for Respondent.

WOOD, J.—Plaintiff recovered a judgment in the sum of $1109 for damages which he suffered when he fell from a defective ladder while working as a painter for defendant Alvin E. Johnson. Plaintiff also recovered the sum of $250 as attorneys' fees. He bases his action upon section 3706 of the Labor Code, defendant having failed to secure the payment of compensation for plaintiff by either of the methods provided in section 3700 of that code.

 Defendant contends that the court's finding that plaintiff was not an independent contractor is not supported by the evidence. Defendant, a practicing dentist, was the owner of a number of buildings which he rented to tenants. Plaintiff, an experienced house painter, applied to defendant for dental work and it was arranged between them that de-

fendant would perform dental work for plaintiff of the value of $50 and that plaintiff would paint certain property owned by defendant at the rate of fifty cents per hour. At that time nothing was said as to the location at which plaintiff was to work. Defendant was to furnish all the equipment and material to be used except paint brushes. Plaintiff was first instructed to paint a fence on the property of defendant. When plaintiff finished putting the first coat of paint on the fence defendant examined the fence and ordered plaintiff to put a second coat upon it. Thereafter plaintiff was directed by defendant to a different location and was instructed to paint two houses on the premises, the rear house to be painted first. Plaintiff was given directions as to the manner of mixing the paints. Defendant did not specify the number of coats of paint which were to be applied, but when the first coat had been applied to the house plaintiff was directed to apply a second coat, since the first coat was too dark. Plaintiff had other employment but he was to work on defendant's property when he was free to do so. However, the fact that plaintiff had separate and independent employment did not make him an independent contractor. (*Moody* v. *Industrial Acc. Com.*, 204 Cal. 668, 672 [269 Pac. 542, 60 A. L. R. 299].) In section 3353 of the Labor Code an independent contractor is defined as ''any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished''. Although defendant's testimony was contradictory to that of plaintiff, the trial court doubtless credited the statements made by plaintiff and made its findings accordingly. It is provided in section 5705 of the Labor Code that the burden of proof rests upon the employer to establish that ''an injured person claiming to be an employee was an independent contractor . . . '' We are satisfied that there is sufficient evidence to sustain the finding of the court.

Defendant contends that plaintiff may not claim the rights of an employee as set forth in the Labor Code, since by section 3352 of that code the word ''employee'' excludes any person whose employment is *both* casual and not in the course, trade, business, profession or occupation of his employer. In section 3354 of the Labor Code the word ''casual'' is defined as referring only to employments where the work contemplated is to be completed in not exceeding ten work-

ing days. We are satisfied that the evidence is sufficient to support the court's finding that plaintiff's employment was not casual within the meaning of section 3354. The court found from the evidence introduced that the customary and usual working day in and about Los Angeles at the time of the accident in question was a working day of eight hours. It is apparent that it would take plaintiff more than ten days to do work of the value of $50 at the rate of fifty cents per hour. The parties evidently contemplated that the work would not be completed in ten days.

The ladder from which plaintiff fell was brought to court and examined by the judge, who made a test at the building where the session of court was conducted. Defendant contends that the test should have been made on the premises where the plaintiff fell. There is no merit in this contention.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.