[No. S057387. Dec. 18, 1997.]

STATE FARM FIRE AND CASUALTY COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and PATRICK A.
LEONARD, JR., Respondents.

1188

**COUNSEL**

Daniels, Baratta & Fine, James M. Baratta and Craig A. Laidig for Petitioner.

Chain, Younger, Lemucchi, Cohn & Stiles, Chain, Younger, Cohn & Stiles, James A. Yoro and Paul A. Welchans for Respondents.

Thomas H. Cahraman, Collyn J. Gebauer and William A. Herreras as Amici Curiae on behalf of Respondents.

**OPINION**

**MOSK, J.**—Patrick A. Leonard, Jr., filed a claim for workers' compensation benefits after he was injured while employed by his father, Patrick A. Leonard, Sr., to perform repairs on a vacant residential property. Leonard, Sr., was insured under a policy of comprehensive personal liability insurance (hereafter the policy), issued by State Farm Fire and Casualty Company (hereafter State Farm), that included an endorsement covering workers' compensation benefits for so-called "residence employees," defined in the policy as employees who "perform[] duties . . . in connection with the maintenance or use of the residence premises."

This case presents the question whether Leonard, Jr., is a covered employee under the workers' compensation law and the State Farm policy. We

conclude that the answer is *yes*. Accordingly, we reverse the judgment of the Court of Appeal, which responded in the negative.

I.

In January 1989, Leonard, Sr., and his wife purchased a homeowners policy from State Farm. The policy included coverage for comprehensive personal liability and included an "Additional Coverage Endorsement" for workers' compensation benefits with respect to "residence employees."

The policy defines "residence employee" as "an employee of an insured who performs duties, including household or domestic services, in connection with the maintenance or use of the residence premises. This includes employees who perform similar duties elsewhere for [the insured]. This does not include employees while performing duties in connection with the business of an insured."

The "Additional Coverage Endorsement" states that State Farm agrees, with respect to "residence employees," as follows: "Under Coverage I [¶] To pay when due all benefits required of an insured by the California Workers' Compensation Law; and [¶] Under Coverage II [¶] To pay on behalf of an insured all damages for which the insured is legally liable because of bodily injury sustained by a residence employee." It states that the insurance is subject to all of the provisions of the endorsement and to specific provisions of the policy, including the definition of "residence émployee."

In a section entitled "Who is Covered," the Additional Coverage Endorsement states: "A residence employee is covered if during the 90 calendar days immediately before the injury the employee has: [¶] (a) actually been engaged in such employment by the insured for no less than 52 hours; and [¶] (b) earned no less than one hundred dollars ($100) in wages."

In a section entitled "Exclusions," the Additional Coverage Endorsement states, in relevant part: "This policy does not apply: [¶] (a) to liability for additional compensation imposed on an insured under Sections 4553 and 4557, Division IV, Labor Code of the State of California, because of the serious and willful misconduct of an insured, or because of bodily injury to an employee under 16 years of age and illegally employed at the time of injury; [¶] (b) to liability for bodily injury arising out of business pursuits of an insured." There is no exclusion for residence employees based on relationship to the insured.

In a section entitled "Conformity to Statute," the Additional Coverage Endorsement states: "Terms of this insurance which are in conflict with the

California Workers' Compensation Law are amended to conform to that law."

In November 1989, Leonard, Jr., then 35 years of age, was employed as a carpenter by Leonard, Sr., to perform repairs on a residential property in preparation for its sale. He injured his back in the course of his employment, while lifting machinery into his truck.

In November 1990, Leonard, Jr., filed an application for adjudication of a workers' compensation claim. The application states that, at the time of the injury, he was earning $600 per week as Leonard, Sr.'s employee. His injury resulted in two surgeries and ongoing medical treatment. The Director of the Department of Industrial Relations (hereafter the Director), as administrator of the Uninsured Employers Fund, was joined as a party defendant.

In November 1992, the Director made a prima facie determination that Leonard, Sr., failed to secure workers' compensation insurance as provided under Labor Code section 3700, based on the nonexistence of a record of such insurance with the Workers' Compensation Insurance Rating Bureau. Leonard, Sr., petitioned the Workers' Compensation Appeals Board for a determination of insurance coverage, on the ground that he had complied with the requirement of Labor Code section 3700 by purchasing a policy of workers' compensation insurance from State Farm.

In October 1994, State Farm admitted that Leonard, Sr., was insured under the policy. The Uninsured Employers Fund was thereafter dismissed as a defendant.

State Farm stipulated that Leonard, Jr., was hired to perform work on a residential property covered under the policy and that he had worked more than 52 hours and earned more than $100 in wages in the 90 days before the accident.[1] It contended, however, that Leonard, Jr., was barred from recovery of workers' compensation benefits under Labor Code section 3352, subdivision (a), as the son of his employer. Leonard, Jr., contended that he was entitled to such benefits as a "residence employee" under the policy.

In March 1995, after a hearing, the workers' compensation referee issued a an opinion concluding that Leonard, Jr., was a covered employee under the

---

[1]The policy defines "residence premises" as "the one, two, three or four-family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown in the Declarations." The stipulation was apparently based on the fact that Labor Code section 3351, subdivision (d), which the policy tracks, as discussed below, refers to "any person employed by the owner or occupant of a residential dwelling," without any limitation based on actual residence.

workers' compensation law. State Farm petitioned for reconsideration. The Workers' Compensation Appeals Board denied reconsideration, adopting the referee's opinion.

A writ of review by State Farm followed. The Court of Appeal concluded that Leonard, Jr., was not a covered employee under the workers' compensation law and the policy, annulled the decision of the Workers' Compensation Appeals Board, and remanded the matter for proceedings consistent with its opinion. We granted review.

## II.

Insurance Code section 11590 provides, in relevant part: "[N]o policy providing comprehensive personal liability insurance may be issued or renewed in this state on or after January 1, 1977, unless it contains a provision for coverage against liability for the payment of compensation, as defined in Section 3207 of the Labor Code, *to any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code.* Any such policy in effect on or after January 1, 1977, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein." (Italics added.)

Under the statute, coverage for any person defined under Labor Code section 3351, subdivision (d), is both required and authorized in any policy for comprehensive personal liability. It is *required* in the sense that such policy must be construed as including such coverage, whether or not it actually contains express provisions to that effect. It is *authorized* in the sense that the liability insurer is permitted to include workers' compensation coverage for persons defined under Labor Code section 3351, subdivision (d), even though, as a general matter, it is not admitted to transact workers' compensation coverage.[2]

The additional premium for workers' compensation coverage for household employees is not separately stated, but is included in the total cost of

---

[2]Insurance Code section 108.1 provides: "Insurers admitted to transact liability insurance are also deemed to be admitted to transact workers' compensation insurance for the purpose of covering those persons defined as employees by subdivision (d) of Section 3351 of the Labor Code." Apart from the limited exception for such household employees, workers' compensation is, of course, a different class of insurance from liability insurance (see Ins. Code, §§ 100, 108, 109) and is not subject to the same rates, classifications, and rating systems (*id.,* §§ 1851, 11592.) An employer seeking coverage for an employee who does not fall within the definition of Labor Code section 3351, subdivision (d), must therefore purchase a separate workers' compensation policy from an insurer authorized to transact such insurance.

the policy. "The premium charge for the coverage required by [Insurance Code] Section 11590 shall not be separately stated from that charged for other coverage under the policy in the insured's copy of the following: premium notice, policy, endorsement or memorandum of insurance." (Ins. Code, § 11593.) Nor may an insured delete such coverage, e.g., in order to decrease the costs of the policy.[3]

Labor Code section 3351, subdivision (d), defines an employee as follows. "Except as provided in subdivision (h) of Section 3352, any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant."

Labor Code section 3352, subdivision (h), states an exception to the definition of "employee" for "[a]ny person defined in subdivision (d) of section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of injury or injuries . . . or who earned less than one hundred dollars ($100) in wages from the employer during the 90 calendar days immediately preceding the date of the injury or injuries . . . ."

As relevant here, then, the statutes establish the following *mandatory* rule: If the owner of a residential dwelling purchases comprehensive personal liability insurance, the policy for insurance must provide coverage for workers' compensation benefits (Ins. Code, § 11590) for *any person* employed by the owner of a residential dwelling whose duties are incidental to the maintenance of the dwelling (Lab. Code, § 3351, subd. (d))—unless such person worked less than 52 hours and earned less than $100 during the 90 calendar days preceding injury (*id.*, § 3352, subd. (h)).

The definition under Insurance Code section 11590 of an "employee," for the purposes of determining who is entitled to coverage under a policy

---

[3]Significantly, former Insurance Code section 11592 permitted the insurer to delete coverage for household employees—with a corresponding reduction in the premium—if the insured certified in writing that he or she "employs no employee not excluded by section 3352 of the Labor Code in or about the residence of such person," e.g., if the employee was a parent, spouse, or child. (Stats. 1975, ch. 1263, § 3, pp. 3313-3314.) In 1977, the Legislature enacted Labor Code section 3352, subdivision (h), which imposes an hours and earnings threshold for household employees, and at the same time deleted former Insurance Code section 11592. Thus, all insureds are required to purchase the broader coverage, whether or not there is exposure. Comprehensive personal liability insurance, of course, typically includes coverage for a broad range of injuries, even though the individual insured may never experience all the risks against which he or she is insured.

providing comprehensive personal liability insurance, is thus broader than under the general workers' compensation law, which "excludes" "[a]ny person defined in subdivision (d) of Section 3351 who is employed by his or her parent, spouse, or child." (Lab. Code, § 3352, subd. (a).) Although an employer is not required to purchase workers' compensation coverage for his or her parent, spouse, or child, an insurer may not exclude such persons from coverage if the insured purchases a policy for comprehensive personal liability insurance. In this way, such coverage is truly "comprehensive": an insured is protected against liability both in an action for damages and under the workers' compensation law, when applicable, including for claims brought by a parent, spouse, or child.

"Excluded" persons—including persons who worked *less than* 52 hours, or earned *less than* $100 in wages, during the 90 days preceding an injury—are not barred from workers' compensation coverage. (See Lab. Code, § 3352, subd. (h).) Coverage for any person not included within the term "employee" under Labor Code, while not *mandatory*, is *permissive*. It may be obtained at the "joint election" of the employer and employee: "When an employer has in his employment any person not included within the term 'employee' as defined by [Labor Code section 3350 et seq.], such employer and such person employed by him may, by their joint election, come under the [workers' compensation law] . . . ." (Lab. Code, § 4150; see 1 Herlick, Cal. Workers' Compensation Law (5th ed. 1995) § 2.16, p. 2-17.)

An employer may "elect" to come under the workers' compensation law "[b]y insuring against liability for compensation, in which case he is deemed, as to all persons employed by him and covered by insurance, to have so elected during the period such insurance remains in force." (Lab. Code, § 4151, subd. (a).) Significantly, Labor Code section 4156, enacted along with Insurance Code section 11590, expressly refers to the "purchas[e]" or "renew[al]" of a "policy providing comprehensive personal liability insurance" for "any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code" as constituting an "elect[ion]" by the employer to come within the workers compensation provisions "pursuant to subdivision (a) of Section 4151."[4]

A person in the service of such an employer is "deemed" to have accepted the compensation provisions of the workers' compensation law unless he or

---

[4]Labor Code section 4156 provides: "No liability for compensation shall attach to any employer of a person excluded by subdivision (h) of Section 3352 from the definition of 'employee' for an injury to or the death of a person so excluded which occurs on or after the effective date of this section if such employer *elected to come under the compensation provisions of this division pursuant to subdivision (a) of Section 4151* prior to the effective date of this section by purchasing or renewing a policy providing comprehensive personal liability insurance containing a provision for coverage against liability for the payment of

she gives timely notice in writing to the employer that he or she "elects" not to be subject thereto. Labor Code section 4154 provides: "Where any employer has made an election . . . , any person in his service is deemed to have accepted the compensation provisions . . . if, at the time of the injury for which liability is claimed: [¶] (a) Such employer is subject to the compensation provisions . . . and; [¶] (b) Such person in his service has not, either upon entering into the employment or within five days after the filing of an election by the employer, given to such employer notice in writing that he elects not to be subject to the compensation provisions . . . . [¶] In the case of such acceptance, the person employed becomes subject to the compensation provisions at the time of the filing of the election or entry in the employment."

█ We must construe the compensation provisions of the workers' compensation law liberally, in favor of coverage for persons injured in the course of employment. (Lab. Code, § 3202.) "In interpreting the workers' compensation statutes we do not start with whole cloth. We are directed by section 3202 to 'liberally construe[]' the workers' compensation statutes 'with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' This rule provides a means for resolution of ambiguities in the statutes which affect coverage. . . . [I]f there are two reasonable interpretations of an ambiguous statute, one providing for coverage and one not, we must decide for coverage." (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 733 [199 Cal.Rptr. 697].)

### III.

█ Applying the foregoing statutes, we conclude that Leonard, Jr., was a covered employee under the workers' compensation law and the policy. As the parties have stipulated, the policy included comprehensive personal liability insurance; it therefore necessarily included *mandatory* workers' compensation coverage for any person employed to perform duties incidental to the maintenance of a residential dwelling unless he or she worked less

compensation, as defined in Section 3207 of the Labor Code, to any person defined as a employee by subdivision (d) of Section 3351 of the Labor Code; provided, however, nothing in this section shall prohibit an employer from providing compensation pursuant to the provisions of this chapter." (Italics added.) Only casual household employees who do not meet the hours and earnings threshold of Labor Code section 3352, subdivision (h), are excepted under the statute. Such persons are not precluded from obtaining workers' compensation coverage, but may not rely on the policy's general language. Again, although it could have, the Legislature did not also except household employees who fall under Labor Code section 3352, subdivision (a).

than 52 hours and earned less than $100 during the 90 days immediately preceding the injury. (Ins. Code, § 11590; Lab. Code, § 3351, subd. (d).)

Indeed, not surprisingly, the workers' compensation endorsement in the policy expressly tracks the requirements of Insurance Code section 11590. It refers to "residence employees," defined as "employee[s] of an insured who perform[] duties, including household or domestic services, in connection with the maintenance or use of the residence premises." The definition is detailed and unambiguous. In conformance with Labor Code section 3351, subdivision (d), which incorporates Labor Code section 3352, subdivision (h), the only limitation stated in the policy regarding such "residence employees" is that they must have been employed for no less than 52 hours and must have earned no less than $100 in wages during the 90 days immediately preceding the injury. The limitation for such de minimis employees is "conspicuous, plain, and clear." (See *Crane* v. *State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089] ["An exclusionary clause must be conspicuous, plain and clear."].) Conspicuously *absent* is any purported additional exclusion for a parent, spouse, or child. Under a straightforward reading of the policy, Leonard, Jr., was a residence employee.

The Court of Appeal nonetheless concluded that Leonard, Jr., was not a covered employee under the workers' compensation law and the policy. ▇ It reasoned that Insurance Code section 11590 must be read to incorporate Labor Code section 3352, subdivision (a), which excludes from the definition of "employee" under the workers' compensation law "[a]ny person defined in subdivision (d) of Section 3351 who is employed by his or her parent, spouse, or child." State Farm argues, moreover, that the exclusion under Labor Code section 3352, subdivision (a), is *mandatory* and must be considered a part of any policy for comprehensive personal liability insurance, even if it is not specifically incorporated therein. Neither point has merit.

Insurance Code section 11590 requires that any policy for comprehensive personal liability also include a provision against liability for workers' compensation benefits *"to any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code."* (Italics added.) There is no exception, express or implied, for persons employed by a parent, spouse, or child. As discussed, Labor Code section 3351, subdivision (d), in turn, refers *only* to subdivision (h) of Labor Code section 3352. (Lab. Code, § 3351, subd. (d) [*"Except as provided in subdivision (h) of Section 3352,* any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling . . . ."* (Italics

added.)].) Labor Code section 3352, subdivision (h), refers *only* to Labor Code section 3351, subdivision (d). Insurance Code section 11590 thus incorporates by reference *only* the exclusion under Labor Code section 3352, subdivision (h). Although the Legislature could have done so, it did not also incorporate the exclusion under Labor Code section 3352, subdivision (a).[5]

Nor, would such an exclusion in any event be *mandatory*. As discussed, Labor Code section 4151 expressly permits the "election" of workers' compensation coverage for, and by, "any person" not defined as an "employee" under the Labor Code—including any household employee who works fewer hours and earns less than the statutory minimum (Lab. Code, § 3352, subd. (h)), and any person employed by a parent, spouse, or child (*id.*, subd. (a)).[6]

■ Although the Court of Appeal apparently rejected State Farm's claim that any person employed by a parent, spouse, or child is barred from coverage under the workers' compensation law, it determined that Leonard, Jr., was not a covered employee under the policy because neither he nor his father made a "conscious" election under Labor Code section 4151. Again, it erred.

As discussed, Leonard, Sr., could "elect" to come under the workers' compensation law "[b]y insuring against liability for compensation, in which case he is deemed, as to all persons employed by him and covered by insurance, to have so elected during the period such insurance remains in force." (Lab. Code, § 4151, subd. (a).) Leonard, Sr., purchased a policy for comprehensive personal liability insurance from State Farm, which included such coverage. He thereby made the required "election." There is no additional requirement for a "conscious" election under the statute. Indeed, such a requirement would be contrary to the usual rule that we look to the insured's "objectively" reasonable expectations, as determined by the plain language of the policy of insurance. (See *Sarchett v. Blue Shield of California* (1987) 43 Cal.3d 1, 14-15 [233 Cal.Rptr. 76, 729 P.2d 267] ["When a court is reviewing claims under an insurance policy, it must hold the insured

---

[5]Contrary to the Court of Appeal's suggestion, the fact that Insurance Code section 11590 requires that a policy for comprehensive personal liability insurance include coverage for household employees, including any person employed by a parent, spouse, or child, does not mean that Labor Code section 3352, subdivision (a), ceases to have any application. As discussed, it merely provides that the insured "elects" to cover such persons if he or she purchases a liability policy.

[6]State Farm misstates the issue before us as "whether the Legislature may exclude from certain workers' compensation entitlement a person employed by his own parent, spouse, or child to perform duties at their residence." Of course, the answer to that question is affirmative. But, as discussed in the text, the Legislature has not chosen to do so.

bound by clear and conspicuous provisions in the policy even if evidence suggests that the insured did not read or understand them."].) Under the clear and conspicuous provisions of the policy, Leonard, Sr.'s, "reasonable expectations" included workers' compensation coverage for his son.[7]

Here, moreover, election by Leonard, Sr., of coverage under the workers' compensation law for his son must be implied by law under Insurance Code section 11590, which provides that any policy providing comprehensive personal liability insurance issued on or after January 1, 1977, "whether or not actually containing such provisions [against liability for workers' compensation benefits], shall be construed as if such provisions were embodied therein." (See *Utah Property & Casualty Ins. etc. Assn.* v. *United Services Auto. Assn., supra,* 230 Cal.App.3d at p. 1020 ["[E]very insurance policy must be read so as to provide the minimum coverage required by law under a policy of that type, even where the policy on its face fails to do so."]; accord, *Lumberman's Mut. Cas. Co.* v. *Wyman* (1976) 64 Cal.App.3d 252, 257 [134 Cal.Rptr. 318]]; cf. 13 Appleman, Insurance Law and Practice (1976 ed.) ch. 269, § 7406, p. 352 ["A policy containing 'in substance' the provisions of a statute must contain every essential element, so that the contract will be clear and unmistakable."].)[8]

---

[7]Contrary to State Farm's assertion, the policy cannot reasonably be understood to state that there are two classes of "residence employees"—(a) those employed by a parent, spouse, or child, and (b) all others—and that only the latter are limited to workers' compensation remedies, while the former may sue in an action at law for damages. Of course, an insured is not required to consult the California codes to discover any statutory limitations on coverage, but is ordinarily entitled to trust the language of the policy. (See *Utah Property & Casualty Ins. etc. Assn.* v. *United Services Auto. Assn.* (1991) 230 Cal.App.3d 1010, 1021 [281 Cal.Rptr. 917] ["Laypersons cannot be expected to know of statutory limitations or exclusions on coverage not contained in their insurance policies. Trusting the language of their policies, laypersons will not seek coverage they think they have."].) In this instance, however, even a knowledgeable insured would reasonably understand the policy to cover all "residence employees" who met the hours and wages threshold.

[8]The dissenting opinion points to State Farm's application form, which included the question "Workers Compensation requested?" followed by boxes indicating "yes" and "no" —neither of which was marked by Leonard, Sr. It concludes therefrom that Leonard, Sr., intended to purchase only such coverage as that mandated by Insurance Code section 11590. It begs the question. As explained, Insurance Code section 11590 refers to *any person defined as an employee* by Labor Code section 3351, subdivision (d). Coverage for Leonard, Jr., was therefore mandatory. Nor, in any event, does the application—which is not a part of the policy itself—purport to explain or limit coverage for any "residence employees." The dissenting opinion also incorrectly asserts that, under the terms of the policy, Leonard, Sr., could reasonably expect coverage for his son's injuries only under "Coverage II," which applies to actions at law. Not so. As discussed, the policy, under "Coverage I," does not purport to exclude children of the homeowner from the definition of "residence employees." It appears, moreover, that Leonard, Jr, was excluded from Coverage II, as he did not allege that his injury resulted from any fault by his employer.

For his part, Leonard, Jr., is "deemed to have accepted the compensation provisions" if, at the time of his injury, (a) his employer was subject to those provisions (i.e., had obtained workers' compensation coverage that applied to him), and (b) he did not, "upon entering into the employment . . . give[] such employer notice in writing that he elect[ed] not to be subject to the [workers'] compensation [law] . . . ." (Lab. Code, § 4154, subds. (a) & (b).)

Leonard, Jr., gave no written notice that he elected not to be subject to the workers' compensation law. He must, therefore, be deemed to be a covered employee. As such, he is subject to its exclusive remedies. (Lab. Code, §§ 3600, subd. (a), 3602.)[9]

The Court of Appeal relied on dictum in *Jones* v. *Brown* (1970) 13 Cal.App.3d 513, 518 [89 Cal.Rptr. 651] (hereafter *Jones*), in support of its conclusion that a "conscious" election by Leonard, Jr., was required. Again it erred. Contrary to *Jones*, operation of Labor Code section 4154 does not require an employee's "knowing and intelligent" waiver of a "right" not to be subject to the workers' compensation law after his or her employer elects to insure against liability for workers' compensation benefits to otherwise "excluded" employees. (*Jones, supra*, 13 Cal.App.3d at p. 519.) Instead, the default under the legislative scheme for such employees is that, unless they affirmatively "elect" *not* to be, they will be subject to the workers' compensation law.

*Jones*, which was decided *before* the enactment of most of the statutes at issue here—including Insurance Code section 11590—offers no guidance concerning their application. Thus, *Jones* assumed that household employees, who were then ordinarily excluded from the workers' compensation law, were entitled to notice that their employer had obtained workers' compensation coverage before they could be deemed to have "elected" such coverage under Labor Code section 4154. After *Jones*, the Legislature amended the Labor Code expressly to *include* such employees (Lab. Code, § 3351, subd. (d)) and expressly *exempted* their employers from any notice requirements (*id.*, §§ 3550, subd. (c), 3551).

Finally, State Farm urges that providing workers' compensation coverage for a person employed by a parent, spouse, or child would be against public policy. Not so. As discussed, the Labor Code expressly *permits* coverage

---

[9]Ironically, it is State Farm, not Leonard, Jr., that asserts the existence of his "right" *not* to be subject to the workers' compensation provisions. Leonard, Jr., for his own part, contends that, at the very least, he must be deemed to have waived any such "right" by filing a claim for workers' compensation benefits.

under the workers' compensation law for "any person not included within the term 'employee'" as defined by the Labor Code (Lab. Code, § 4150)—including any person falling under Labor Code section 3352, subdivision (a). Moreover, Insurance Code section 11590 *mandates* workers' compensation coverage under any policy providing comprehensive personal liability insurance for *any person* defined as an employee by Labor Code section 3351, subdivision (d)—not excepting any person employed by a parent, spouse, or child. These statutes are also fully consistent with the public policy enunciated by California Constitution, article XIV, section 4, that injuries arising out of employment be compensated within the workers' compensation system.

For the foregoing reasons, the judgment of the Court of Appeal is reversed.

George, C. J., Baxter, J., Chin, J., and Brown, J. concurred.

**WERDEGAR, J.,** Dissenting.—The workers' compensation claimant in this case, Patrick A. Leonard, Jr., was injured while performing non-business-related repairs on a residential property owned by his father, Patrick A. Leonard, Sr. At the time of his injury, Leonard Jr. was not his father's employee for purposes of obtaining workers' compensation benefits, because a residential worker who is "employed by his or her parent, spouse, or child" is excluded from the Labor Code's definition of "employee." (Lab. Code, § 3352, subd. (a); hereafter section 3352(a).)[1] The majority nonetheless holds Leonard Jr. *is* entitled to benefits because the Leonards, father and son, jointly elected to bring Leonard Jr. within the compensation provisions of the workers' compensation law. (§ 4150.)

The majority's reasoning, as I understand it, is that Leonard Sr. made an election to include his son by "insuring against liability for compensation" (§ 4151, subd. (a)) for Leonard Jr., and Leonard Jr. made his election by failing to give notice, within five days of beginning employment, that he chose not to be covered by workers' compensation (§ 4154, subd. (b)). It is with the first part of this reasoning that I disagree. I do not believe Leonard Sr.'s purchase of a standard endorsement to his homeowners policy—an endorsement that was required by law (Ins. Code, § 11590) and that made no mention of Leonard Jr. or any other person ordinarily excluded from workers' compensation—can reasonably be considered an "election" to *expand* Leonard Sr.'s liability for workers' compensation benefits to include those workers, like his son, who under the law would not otherwise be entitled to any benefits.

---

[1] All further unspecified statutory references are to the Labor Code.

The majority posits two bases for concluding the State Farm homeowners policy, as endorsed, included liability coverage for workers' compensation benefits for family members, including Leonard Jr., working in the residence. First, the majority asserts the policy was *required* to cover family members under Insurance Code section 11590 (hereafter section 11590), and that the mandated coverage would therefore be read into the policy if not included. (Maj. opn, *ante*, at pp. 1193-1195, 1197-1199.) Second, the majority claims the language of the policy itself, by failing expressly to exclude family members from the definition of "residence employees," covers such family members as well as other residence employees for workers' compensation benefits. (Maj. opn., *ante*, at pp. 1196-1197, 1198-1199.)

Neither line of reasoning is persuasive, but it is the first that causes the most concern. The majority, by holding section 11590 *requires* all liability policies to include coverage for family members working in the home, and by deeming any liability policy to be an election to bring such family members within the workers' compensation system, effectively nullifies section 3352(a)'s exclusion from the system of domestic injuries to family members. Because homeowners generally carry liability insurance as part of a standard homeowner's policy, and because under the majority's interpretation of section 11590 all such policies constitute an election to bring family members into the worker's compensation system, all family members meeting the time or wage minima in section 3352, subdivision (h), will be entitled to workers' compensation. In contravention to the plainly stated intent of section 3352(a), the son, daughter, mother or father of the homeowner, employed in child care, gardening, household repair or maintenance, will now be entitled to workers' compensation benefits for any injury resulting in disability (permanent or temporary) or the need for medical care.

Under the majority reasoning, moreover, all liability policies *must*, as a matter of law, be interpreted to include coverage for family members working in the home. (Maj. opn., *ante*, at p. 1199.) By so holding, the majority precludes insurers from revising their standard homeowners policies so as to make clear that their workers' compensation coverage extends only to those ordinarily entitled to benefits under the workers' compensation law and not to those statutorily excluded therefrom.

*Insurance Code Section 11590*

Section 11590 provides, in relevant part: "[N]o policy providing comprehensive personal liability insurance may be issued or renewed in this state on or after January 1, 1977, unless it contains a provision for coverage against

liability for the payment of compensation, as defined in Section 3207 of the Labor Code, *to any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code.* Any such policy in effect on or after January 1, 1977, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein." (Italics added.)

Because section 11590 refers to section 3351, subdivision (d) (hereafter section 3351(d)), but not to section 3352(a), the majority concludes section 11590 requires liability policies to include workers' compensation benefits coverage for all residential workers, as described in section 3351(d), regardless of whether they are excluded from workers' compensation benefits under section 3352(a). (Maj. opn., *ante*, at pp. 1196-1198.) In my view, the majority's reading is unsupported by the language of these related statutes, considered as a whole, and does not accord with the legislative intent, which was simply to ensure the availability of insurance coverage to pay benefits to those domestic workers whom the Legislature had brought within the scope of the workers' compensation system.

"The workers' compensation law predicates coverage for work injuries upon defined employment relationships. They are generally to be found, not in the definition of employer, but in the definitions of 'employee.' That is, an 'employee,' as defined by specific employment relationships, is one who is entitled to workers' compensation coverage for an injury occurring in the course of the specified employment. [¶] The definitions of 'employee' are hierarchically organized, first, to *include* as 'employees' a broad class of employment relationships (§ 3351), and, second, to *exclude* from this class limited types of employment relationships (§ 3352)." (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 727 [199 Cal.Rptr. 697], fn. omitted.) In other words, sections 3351 and 3352 *together* set out the categories of employment relationship that do and do not bring a worker within the scope of the workers' compensation law.[2] A person is not defined as an employee of another by section 3551 alone, but by sections 3551 and 3552 together. Section 11590's mandate of insurance coverage for those defined as employees by section 3351(d), therefore, is properly understood as referring to those domestic employees who are brought into the workers' compensation system by section 3351(d) *and are not excluded therefrom by section 3552(a).*

The history of these sections' enactment confirms this interpretation of section 11590. Sections 3351(d), 3352(a) and 11590 were enacted together

---

[2]More precisely, the definition of employee is contained in the provisions of article 2 of the workers' compensation law, sections 3350 to 3371. While sections 3351 and 3352 contain the primary inclusive and exclusive provisions, a number of other sections in article 2 contain inclusions or exclusions for particular situations.

as urgency legislation in 1977, but all three derive from very similar versions of the same statutes, which were enacted together in 1975 and which became effective January 1, 1977. (Stats. 1975, ch. 1263, §§ 3-5, pp. 3313-3314, eff. Jan. 1, 1977; Stats. 1977, ch. 17, §§ 13, 17, 18, pp. 29-31, eff. Mar. 25, 1977.)

Between 1939 and 1977, only a very limited number of domestic workers (those working more than 52 hours per week for the same employer) were covered by workers' compensation; all others were expressly excluded from the system. (See *In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.*, *supra*, 152 Cal.App.3d at p. 735.) In 1975 the Legislature, by statute (chapter 1263) effective January 1, 1977, repealed the exclusion and the limited exception and added sections 3351(d)—including most domestic workers—and 3352(a)—excluding parents, children and spouses of the employer. In the same statute, the Legislature added section 11590 to the Insurance Code. The 1975 version of section 11590 provided, as does the current version, that policies of comprehensive personal liability insurance must include coverage against liability for workers' compensation benefits payable "to any person defined as an employee by subdivision (d) of section 3351 of the Labor Code." (Stats. 1975, ch. 1263, § 3, p. 3313.)

The summary digest prepared by the Legislative Counsel's office in 1975 explains that the intent of this new statutory scheme was to bring most domestic workers within workers' compensation, to exclude those employed by a parent, child or spouse, and to provide insurance for homeowners whose domestic workers were thereby brought within the workers' compensation system. "This bill would remove such exclusions [i.e., the former law excluding most residential workers] to bring such persons formerly excluded within the scope of such [workers' compensation] law, and would specifically include within the scope of such law persons employed by the owner of a private dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the performance of household domestic service and babysitting services. [(§ 3351(d)).] This bill would, however, exclude from such coverage those persons employed in such capacities by a parent, spouse, or child. [(§ 3352(a)).] [¶] . . . [¶] This bill would also prohibit, with designated exceptions, any policy of insurance providing comprehensive personal liability coverage, or endorsement thereto, from being issued, amended, or renewed in this state, on or after January 1, 1977, unless it contains a provision for coverage against liability for payment of workers' compensation *to persons brought within the scope of [the] Workers' Compensation Law by this bill*." (Legis. Counsel's Dig., Assem. Bill No. 469, 2 Stats. 1975 (1975-1976 Reg. Sess.) Summary Dig., pp. 353-354, italics added.)

The intent of the 1975 version of section 11590, then, was to mandate coverage for payment of workers' compensation benefits to *those domestic workers who were brought within the scope of the workers' compensation system by other provisions of Statutes of 1975, chapter 1263, i.e., those domestic workers included under the new section 3351(d) and not excluded under the new section 3352(a).* The homeowner's spouse, child or parent, of course, was *not* brought within the scope of workers' compensation by the statute, because such family members were excluded under the new section 3352(a); the Legislature, in section 11590, naturally did not intend, therefore, to mandate insurance coverage for such workers.

The 1977 urgency legislation (chapter 17 of the 1977 Statutes) made at least three important changes to the 1975 scheme, all addressing problems that came to public and legislative attention at the time the 1975 statute came into effect in January 1977.[3] First, the 1975 version of section 3351(d) included only persons employed by *owners* of private dwellings, leaving uncertain the status of those employed by *renters.* The 1977 legislation added the current language, "owner or occupant." (Stats. 1977, ch. 17, § 17, p. 30.) Second, the 1975 scheme contained no time or wage minima, thereby including one-time or casual employees within the system and subjecting the householder to possible liability for benefits to such workers. The 1977 legislation added subdivision (h) to section 3352, excluding domestic workers who worked less than 52 hours or earned less than $100 from a given employer in the 90 days before the injury. (Stats. 1977, ch. 17, § 18, p. 31.) Finally, the 1975 scheme included a provision (former Ins. Code, § 11592) allowing a purchaser of liability insurance to "delete" the workers' compensation coverage section 11590 required insurers to include in liability policies, upon certifying he or she employed no qualifying workers in the home. A homeowner might well request deletion and make the required certification without realizing that even one-time casual hiring was included and could lead to liability for benefits. The 1977 legislation repealed former section 11592. (Stats. 1977, ch. 17, §§ 2, 13, pp. 28-29.)

These flaws in the 1975 legislation led the Legislature to fear that numerous householders would be deemed employers with employees subject to workers' compensation, but would not have insurance to cover benefits if the workers were injured. As explained in the 1977 act's urgency clause, "Because the workers' compensation insurance coverage anticipated by such

---

[3]For background on the 1977 legislation, see, e.g., *Review of Selected 1977 California Legislation: Workers' Compensation; Domestic Workers* (1978) 9 Pacific L.J. 281, 683-686; Auerbach, *How to Avoid Hassle on Workers' Comp.,* L.A. Times (Dec. 26, 1976) pt. VII, pp. 1-2; Auerbach, *Horror Stories Foreseen After New Law in Force,* L.A. Times (Dec. 26, 1976) pt. VII, p. 2.)

Chapter 1263 [the 1975 act] is not readily available to many thousands of persons who would be employers under the act, it is necessary that this act take effect immediately." (Stats. 1977, ch. 17, § 32, p. 39.) "Implicit in this history is a legislative purpose to impress the workers' compensation obligation upon householder domestic employers only when the risk spreading mechanism of insurance is available." (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.*, *supra*, 152 Cal.App.3d at p. 736.)

It is clear, therefore, that section 11590, in both its 1975 and 1977 versions, had a simple and straightforward purpose: to ensure that owners and occupants of homes whose domestic employees would, if injured, be entitled to benefits under the workers' compensation system obtained insurance to cover their liability for such benefits. As the Legislative Counsel explained in 1975, section 11590 was intended to provide insurance "for payment of workers' compensation to persons brought within the scope of [the] Workers' Compensation Law" by the 1975 bill. (Legis. Counsel's Dig., Assem. Bill No. 469, 2 Stats. 1975 (1975-1976 Reg. Sess.) Summary Dig., p. 354.) That class of workers, of course, did *not* include the homeowner's spouse, parent or child. The 1977 legislation broadened the inclusive provisions in one way (by including employees of renters), narrowed them in another (by setting time and wage minima), and tightened the insurance mandate by eliminating the insured's option to decline coverage. No change was made to section 3352(a): The children, spouses and parents of householders continued to be excluded from the scope of the workers' compensation law and, hence, from the intended scope of section 11590's mandatory coverage.

Section 11590—part of the *Insurance* Code—was not intended to create a new definition of "employee" broader than that in the *Labor* Code or to expand the scope of the workers' compensation law, but merely to ensure insurance coverage for those domestic workers the Legislature had, in Labor Code sections 3351 and 3352, defined as employees for purposes of workers' compensation. The majority, however, interprets section 11590 as creating a new, broader, class of "employees" for whose possible receipt of benefits insurance coverage must be provided, even though the members of this new class are not "employees" entitled to *any* benefits under the Labor Code. Through the automatic "election" the majority finds in the homeowner's or occupant's purchase of such insurance, moreover, these additional workers would, without the knowledge of either employer or employee, be brought within the workers' compensation system. In this topsy-turvy manner, an Insurance Code provision designed merely to provide coverage for existing exposure becomes an indirect, and surely unintended, expansion of

the scope of the workers' compensation system itself, displacing an express exclusion found in the Labor Code's own delineation of that scope. I cannot agree to that interpretation of the statutes.

### The Language of the State Farm Policy

The majority's second basis for deeming Leonard Sr.'s purchase of a standard State Farm homeowners policy to be an "election" to bring his son within the scope of the workers' compensation system is the assertion the language of the policy provides coverage for workers' compensation benefits payable to Leonard Jr. for injuries sustained in his employment in the residence. Again, I disagree.

The majority relies on the policy's definition of "residence employees" as well as on the endorsement's statement of "Who is Covered." These policy provisions, as the majority emphasizes, define residence employee in accord with section 3351(d), excluding those who fall below the time and wage minima of section 3352, subdivision (h), but without any express exclusion of family members. The majority concludes that under a straightforward reading of the policy, Leonard Jr. was therefore a "residence employee."

I agree Leonard Jr. was a residence employee under the policy. That he was covered for *workers' compensation benefits* while working in the residence does not, however, follow. In my view, a reasonable insured and insurer would both understand the endorsement to provide (1) liability coverage for workers' compensation benefits to those residence employees whose injuries are compensable within the workers' compensation system, and (2) liability coverage for any civil damages payable to those residence employees who do not come within the workers' compensation system. Injuries to Leonard Jr. occurring in his residential work were excluded from the scope of the worker's compensation law by section 3352(a). The endorsement therefore provided his father with coverage for any *civil damages* he became liable to pay as a result of Leonard Jr.'s injuries. The endorsement, however, cannot reasonably be read as an election by Leonard Sr. to expand the scope of workers' compensation benefits for which he might become liable.

The endorsement, although titled "Workers' Compensation (Residence Employees)," contains *two separate coverages,* one for workers' compensation benefits and the other for ordinary damages:

"Coverage I" insures Leonard Sr., with respect to residence employees, for *"all benefits required of an insured by the California Workers' Compensation Law."* Under coverage I, State Farm further agreed to be directly and

primarily liable *"to any residence employee of an insured entitled to the benefits of the California Workers' Compensation Law."* (Italics added.)

"Coverage II" insures Leonard Sr., again with respect to residence employees, for "all damages for which the insured is legally liable because of bodily injury sustained by a residence employee . . . in the course of employment by the insured."

As a family member categorically excluded from the system under section 3552(a), Leonard Jr. was not "entitled" to any benefits under the workers' compensation law, and the law "required" no benefits be paid to him. Thus the endorsement's coverage I simply did not include benefits for injuries to Leonard Jr. while working in the home. Leonard Sr. *was* covered, however, under coverage II, for any ordinary civil damages he might become liable for as a result of Leonard Jr.'s injuries.

The majority observes that exclusionary clauses in insurance policies must be conspicuous and clear, and that the State Farm policy contains no such exclusion for parents, spouses or children of the insured. (Maj. opn., *ante*, at p. 1197.) While true, this observation fails to advance the majority's argument. Leonard Jr. was not excluded from coverage under the policy and endorsement—any civil damages for which Leonard Sr. might become liable as a result of his injuries were expressly covered under coverage II of the endorsement—but neither did Leonard Sr.'s purchase of coverage for any benefits payable under the workers' compensation law bring him within the workers' compensation system, from which he was expressly excluded by section 3352(a).

To interpret the policy as *expanding* a homeowner's workers' compensation liability beyond its statutory scope is particularly anomalous where, as here, the policy endorsement merely implements a statutory command for insurance coverage. As we have explained in prior cases, " 'Where insurance coverage is required by law, the statutory provisions are incorporated into the insurance contract.' " (*Transamerica Ins. Co.* v. *Tab Transportation, Inc.* (1995) 12 Cal.4th 389, 398 [48 Cal.Rptr.2d 159, 906 P.2d 1341].) As demonstrated earlier in this opinion, the purpose of section 11590 was simply to mandate insurance coverage for those whom the Labor Code entitled to workers' compensation benefits. The Labor Code's provisions defining the eligible class, including section 3352(a), should therefore also govern interpretation of the mandated policy, at least in the absence of any indication the parties actually intended to expand coverage so as to "elect in" workers statutorily excluded from the system.

Leonard Sr. purchased a standard homeowners policy, which contained a mandatory endorsement protecting him from liability for any benefits *"required of an insured by the California Workers' Compensation Law . . . to any residence employee of an insured entitled to the benefits of the California Workers' Compensation Law."* There is no evidence he purchased workers' compensation insurance so as to cover employees not entitled to such benefits or any particular employee. Indeed, the application for insurance Leonard Sr. completed contains a space labelled "Workers' Compensation Policy requested?," but no mark to indicate such a request was made, thus suggesting his intent was to purchase only such coverage as mandated by section 11590. As already discussed, that statute does *not* mandate coverage of family members working in the home, who are excluded from the definition of employee by section 3352(a). In my view, no reasonable insured would expect the State Farm policy to create workers' compensation liability or coverage for family members excluded from benefits by section 3552(a).

*Conclusion*

The State Farm homeowners policy Leonard Sr. purchased did not constitute an election on his part to bring excluded domestic employees within the workers' compensation system. Leonard Jr. was excluded from benefits by section 3552(a). I would affirm the judgment of the Court of Appeal.

Kennard, J., concurred.