[No. B158514. Second Dist., Div. Five. Feb. 14, 2003.]

FELIPE LAURO CEDILLO et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, JAIME
RODRIGUEZ et al., Respondents.

COUNSEL

Law Offices of Leonard C. Kohn and Leonard C. Kohn for Petitioner Felipe Lauro Cedillo.

John M. Rea, Chief Counsel, Steven A. McGinty, Assistant Chief Counsel, John J. Karbol and Aleksandra Cecylia Sachowicz, Staff Counsel, for Petitioner Director of Industrial Relations as the Administrator of the Uninsured Employers Fund.

No appearance for Respondent Workers' Compensation Appeal Board.

Malmquist Fields & Camastra and Larry H. Fields for Respondents Raul Reyes and Specialty Risk Services.

Law Offices of Savin & Bursk and George J. Savin, Jr., for Respondent Jaime Rodriguez.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

Jaime Rodriguez was injured on July 10, 1995, while working on the roof of the home of Raul Reyes. Felipe Lauro Cedillo, an illegally unlicensed and uninsured roofing contractor, doing business as Better Roofing, filed a petition seeking review of a decision of the Workers' Compensation Appeals Board (the board) in favor of Mr. Rodriguez. The board held that Mr. Reyes, the homeowner, was not the employer of Mr. Rodriguez. Rather, the board concluded that Mr. Cedillo, the roofing contractor, was the employer of Mr. Rodriguez. The board directed the Director of Industrial Relations (the director), as the administrator for the Uninsured Employers Fund, to pay benefits to Mr. Rodriguez if the unlicensed contractor, Mr. Cedillo, did not. The director, on Mr. Cedillo's behalf, challenges the board's decision. We deny the petition.

## II. BACKGROUND

Mr. Reyes lived across the street from Mr. Cedillo. Mr. Reyes's roof needed repairing. So Mr. Reyes hired Mr. Cedillo to repair the roof. Mr. Cedillo in turn hired Mr. Rodriguez to repair Mr. Reyes's roof. Mr. Rodriguez began working for Mr. Cedillo in June 1995. Mr. Rodriguez worked three to four days a week and was paid $60 per day by Mr. Cedillo for work at different locations. On July 10, 1995, Mr. Rodriguez began working at Mr. Reyes's home. Mr. Rodriguez had worked approximately 14 hours on Mr. Reyes's roof, for $60. On July 10, 1995, Mr. Rodriguez crossed the street to return supplies from Mr. Reyes's residence to Mr. Cedillo's home. While crossing the street, Mr. Rodriguez was struck by a car. A workers' compensation judge concluded as an unlicensed contractor, Mr. Cedillo was not an independent contractor; hence, Mr. Cedillo was an employee of Mr. Reyes; and Mr. Rodriguez was an employee of the homeowner, Mr. Reyes. The practical effort of the workers' compensation judge's ruling was that Mr. Reyes's homeowners insurance was to pay benefits to Mr. Rodriguez. (*State Farm Fire & Casualty Co. v. Workers' Comp. Appeals Bd.* (1997) 16 Cal.4th 1187, 1194 [69 Cal.Rptr.2d 602, 947 P.2d 795]; Ins. Code, § 11590.)

Mr. Reyes and his insurer, Specialty Risk Services (the insurer), filed a reconsideration petition challenging the workers' compensation judge's finding that Mr. Rodriguez was an employee of the homeowner. The board granted the reconsideration petition. The board concluded that Mr. Rodriguez was not an employee of Mr. Reyes. The board reasoned Mr. Rodriguez did not spend 52 hours working on Mr. Reyes's roof. Labor Code[1] section 3352, subdivision (h) excludes from coverage as an employee, a person working less than 52 hours for an employer during a specified 90-day period. The board further concluded that Mr. Rodriguez was Mr. Cedillo's employee. The board found that section 2750.5 did not impose liability against Mr. Reyes as the employer based on Mr. Cedillo's unlicensed status. The board held: "[A]s between Cedillo, the alleged contractor, and Reyes, (homeowner), Cedillo would be an employee under Labor Code section 2750.5. However, because Cedillo has no claim against Reyes and does not meet the hour requirement of Labor Code section 3352(h), anymore than the applicant meets the 52 hour requirement, under Division 4, Cedillo cannot be an employee. Therefore, we are not required to revert to the definition of Cedillo, as an employee, as set forth in Labor Code section 2750.5. [¶] Therefore, Cedillo is the employer of applicant." The board directed the director to pay benefits to Mr. Rodriguez if Mr. Cedillo did not provide benefits. On May 6, 2002, the director filed a reconsideration petition before the board. The results of the director's May 6, 2002, petition will be discussed later.

---

[1]All further statutory references are to the Labor Code.

On May 10, 2002, Mr. Cedillo filed a certiorari petition with this court pursuant to section 5950.[2] Mr. Cedillo argued the board erroneously: (1) refused to apply section 2750.5 and find that Mr. Rodriguez was an employee of Mr. Reyes; (2) refused to apply section 2750.5 to find Mr. Cedillo was an employee of Mr. Reyes; (3) refused to apply section 2750.5 and hold that Mr. Reyes "stepped into the shoes" of Mr. Cedillo; (4) found that Mr. Cedillo was the employer of Mr. Rodriguez; (5) found that Mr. Rodriguez was injured while employed by Mr. Cedillo; (6) failed to find that Mr. Cedillo was not liable to Mr. Rodriguez; (7) failed to find that Mr. Reyes is liable for Mr. Rodriguez's injuries; (8) failed to find that the insurer is liable to Mr. Rodriguez; (9) applied section 3552, subdivision (h) in a manner that undermined section 2750.5; and (10) made findings in a manner inconsistent with the liberal construction mandated by section 3202. On May 28, 2002, Mr. Reyes and the insurer answered Mr. Cedillo's petition for review. The May 28, 2002, answer argued: (1) section 2750.5 is a general statute dealing with employment; (2) section 3352, subdivision (h) is a specific statute dealing with residential employees; and (3) notwithstanding section 2750.5, section 3352, subdivision (h) read in conjunction with section 3351, subdivision (d) provided an exception or exclusion to those persons who performed services at the residence of a homeowner where the worker worked less than 52 hours or earned less than $100 in the 90 calendar days immediately preceding the date of injury.

The director and Mr. Reyes requested we stay further action on Mr. Cedillo's May 10, 2002, certiorari petition pending the board's ruling on a reconsideration petition. On September 25, 2002, we denied the stay requests. The pending reconsideration petition had been filed by the director. We also advised the parties by letter that we would delay decision until the board had issued a decision of the director's reconsideration petition.

On October 10, 2002, the board advised us it had denied the director's reconsideration petition on July 5, 2002. The board found: (1) decisional authority requires sections 2750.5 and 3352, subdivision (h) be read together; (2) a section 2750.5 employee may be excluded as an employee under section 3352, subdivision (h); (3) in *State Compensation Ins. Fund v. Workers' Comp Appeals Bd.* (1985) 40 Cal.3d 5, 10-15 [219 Cal.Rptr. 13,

[2]Section 5950 provides: "Any person affected by an order, decision, or award of the appeals board may within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."

706 P.2d 1146], California Supreme Court held that section 3352, subdivision (h) applies to unlicensed contractors and excludes from coverage the person who has worked less than the required 52 hours at a residence; (4) section 3351, subdivision (d) exempted from its coverage the provisions of section 3352, subdivision (h), which in turn excluded from its coverage persons who have worked less that the requisite 52 hours at the residence; (5) even though the homeowner is shielded from liability under the exclusions, an unlicensed contractor may still be an employer for purposes of injuries to an employee; (6) if an unlicensed contractor is uninsured, the director is subject to liability; and (7) section 2750.5 does not alter or limit but rather supplements sections 3352, subdivision (h) or 3351, subdivision (d) which were in existence when section 2750.5 was enacted.

## III. Discussion

█ The issue here is whether the board properly interpreted section 2750.5 and section 3352, subdivision (h) in concluding Mr. Rodriguez was not an employee of Mr. Reyes. █ We review the board's statutory interpretations de novo and where an examination of a factual determination is required, they are reviewed for substantial evidence. (*Smith v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 117, 121-122 [116 Cal.Rptr.2d 728]; *Save Mart Stores v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 720, 723 [4 Cal.Rptr.2d 597].) █ Section 2750.5 provides in part: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. . . . [¶] . . . [¶] In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status. [¶] For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

█ Section 2750.5 applies in workers' compensation cases even though it appears in division 3 of the Labor Code rather than in division 4 or 4.5. Division 4 or 4.5 sets forth the workers' compensation statutes. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 11; *Furtado v. Schriefer* (1991) 228 Cal.App.3d 1608, 1615 [280 Cal.Rptr.

16]; *Rinaldi v. Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 217, 221 [244 Cal.Rptr. 637].) For workers' compensation purposes, under section 2750.5, the hirer of a contractor for a job requiring a license is the statutory employer of the unlicensed contractor. In addition, the hirer is the statutory employer of those workers employed by the unlicensed contractor. (*Hernandez v. Chavez Roofing, Inc.* (1991) 235 Cal.App.3d 1092, 1094-1095 [286 Cal.Rptr. 919]; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 330 [265 Cal.Rptr. 788]; *Nick Hagopian Drywall v. Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767, 772 [251 Cal.Rptr. 455].) Section 2750.5 unequivocally provides that a person lacking the requisite license may not claim to be an independent contractor. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 15; *Rosas v. Dishong* (1998) 67 Cal.App.4th 815, 822 [79 Cal.Rptr.2d 339]; *Blew v. Horner* (1986) 187 Cal.App.3d 1380, 1389 [232 Cal.Rptr. 660].) Accordingly, the presumption that the person who employs the unlicensed contractor is the employer is conclusive. (*Neighbours v. Buzz Oates Enterprises, supra,* 217 Cal.App.3d at p. 330; *Blew v. Horner, supra,* 187 Cal.App.3d at p. 1389.)

■ In *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at page 13, the Supreme Court explained the basis of section 2750.5 as follows: "The fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings. When the person seeks to hire the services through a licensed independent contractor, it is reasonable to anticipate that the independent contractor will insure against the risk and that the cost of the insurance will be passed on as part of the price of the contract. Thus it is reasonable to exonerate the hirer of the independent contractor. However, when the person performing services for which a license is required is unlicensed, the likelihood that he will insure against the risk of injury and has included the insurance cost in the price of his contract is greatly reduced. [¶] It is not unreasonable for the Legislature to conclude that effective implementation of a system of providing for workers' injuries requires liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license. Whether or not the hirer of the unlicensed contractor must be viewed as a negligent in engaging in the hiring, it is apparent that the hirer has little expectation that the contractor will have compensation and liability insurance. While it may seem anomalous to hold that the hirer is liable for compensation only if the contractor lacks the required license, and that he would not be liable if the contractor were licensed, the justification is apparent in that the Legislature has sought to assure that both licensed and unlicensed contractors and their employees will

have compensation should they be injured on the job." (*State Compensation Ins. Fund, at p. 13.*)

The parties do not dispute that roofing is work for which a license is required. The parties further agree that Mr. Cedillo did not have a license to do the work he was hired to perform. Thus, under the standards set forth above, neither Mr. Cedillo nor Mr. Rodriguez could claim the status of independent contractor. (§ 2750.5; *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at pp. 13-14; *Furtado v. Schriefer, supra,* 228 Cal.App.3d at p. 1616; *Neighbours v. Buzz Oates Enterprises, supra,* 217 Cal.App.3d at pp. 330-331; *Nick Hagopian Drywall v. Workers' Comp. Appeals Bd., supra,* 204 Cal.App.3d at pp. 771-772; *Blew v. Horner, supra,* 187 Cal.App.3d at p. 1389.)

The board nevertheless concluded that: Mr. Rodriguez was Mr. Cedillo's employee; section 3352, subdivision (h), rather than section 2750.5, applied to this case; and by the express terms of sections 3352, subdivision (h) and 3351, subdivision (d) Mr. Rodriguez, who worked less than 52 hours on the roof, was excluded from being Mr. Reyes's employee. We agree with the board's analysis. *Furtado v. Schriefer, supra,* 228 Cal.App.3d at page 1617, explained the interaction of section 2750.5 with section 3352, subdivision (h) as follows: "Section 2750.5 supplements the definitions of employee and independent contractor found in the workers' compensation statutory scheme. It does not purport to override those definitions. If, . . . [an unlicensed contractor performed] work for which a license was required by the pertinent sections of the Business and Professions Code, [the unlicensed contractor] cannot be an independent contractor. Presumably he is an employee unless he is otherwise expressly excluded from the workers' compensation scheme. . . ." Hence, Mr. Cedillo is not an independent contractor. It follows that Mr. Cedillo and Mr. Rodriguez are Mr. Reyes's employees unless they are expressly excluded from the workers' compensation scheme, which they are.

Section 3357 creates a presumption that any person rendering services for another, other than as an independent contractor, is an employee, unless expressly excluded from the workers' compensation laws. An independent contractor is defined as follows: " 'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (§ 3353.) Section 3351 defines an employee in the following fashion: " 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully

or unlawfully employed, and includes: [¶] . . . [¶] (d) Except as provided in subdivision (h) of Section 3352, any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant." Section 3352, subdivision (h) provides: " 'Employee' excludes the following: [¶] . . . [¶] Any person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury for injuries, as defined in Section 5411, or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of the disease or injury for injuries, as defined in Section 5412, or who earned less than one hundred dollars ($100) in wages from the employer during the 90 calendar days immediately preceding the date of the injury for injuries, as defined in Section 5411, or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of the disease or injury for injuries, as defined in Section 5412."

Thus, section 3351, subdivision (d) includes in its definition of an employee persons who are hired to make repairs on a residence. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at p. 14; *Furtado v. Schriefer, supra*, 228 Cal.App.3d at pp. 1614-1615.) However, section 3352, subdivision (h), which applies to unlicensed contractors, excludes from coverage as an employee a licensed or unlicensed worker who works at the residence less than the required 52 hours. (§ 3351, subd. (d); *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra*, 40 Cal.3d at pp. 13-14; *Furtado v. Schriefer, supra*, 228 Cal.App.3d at pp. 1616-1617 ["the exclusion from employee status found in section 3352, subdivision (h) applies to unlicensed contractors"].)

In this case, Mr. Cedillo agreed to perform a residential roof repair for Mr. Reyes. Mr. Cedillo hired Mr. Rodriguez to work on the roof. The work began on July 10, 1995. On the same date and after Mr. Rodriguez had worked for approximately 14 hours on the roof at the residence, he was injured while crossing the street. Accordingly, the board properly found that Mr. Reyes was not an employer. This is because both Mr. Cedillo, the unlicensed roofer, and Mr. Rodriguez, who worked less than 52 hours at the residence, are excluded from workers' compensation coverage. (§§ 3351, subd. (d), 3352, subd. (h); *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra*, 40 Cal.3d at pp. 13-14; *Furtado v. Schriefer, supra*, 228 Cal.App.3d at pp. 1616-1617.)

Furthermore, the board correctly found that Mr. Cedillo was Mr. Rodriguez's employer. Mr. Cedillo, the unlicensed contractor, argued he was not an employer. Mr. Cedillo reasoned as follows: Mr. Reyes was the statutory employer of Mr. Rodriguez and Mr. Cedillo; this employment relationship arose from the provision of section 2750.5; and Mr. Cedillo could not both be an employee of Mr. Reyes, the homeowner, and the employer of Mr. Rodriguez. A similar claim was rejected by *Hernandez v. Chavez Roofing, Inc.*, *supra*, 235 Cal.App.3d at page 1094. In *Hernandez*, the survivors of a worker killed doing a roofing job brought a wrongful death action against the unlicensed and uninsured subcontractor. (*Ibid.*) The unlicensed subcontractor argued the subcontractor and the decedent were both employees of the general contractor; this employee relationship arose pursuant to section 2750.5; and the exclusive remedy of the survivors was the general contractor's workers' compensation insurance. *Hernandez* concluded: "The argument is unpersuasive. In effect [the unlicensed contractor] wants us to declare that a violation of the law requiring a contractor's license can protect an employer from the consequences of a violation of the law requiring workers' compensation insurance. Under this approach more culpability means less liability. The uninsured employer who has a contractor's license could be sued in state court, but the uninsured employer who also has no contractor's license could not be sued in state court. Such a holding would do violence to the letter and spirit of laws governing both contractor's licensing and workers' compensation. [¶] Section 2750.5 can create a dual employment relationship whereby a worker may be an employee of both [the hiring party] and [the unlicensed contractor]. [Citation.] The price that must be paid by each employer for immunity from tort liability is the purchase of a workers' compensation policy. (§ 3706.) [The unlicensed contractor] chose not to pay that price, so it should not be immune from liability. [Citation.]" (*Hernandez*, at p. 1095.) Because Mr. Cedillo was unlicensed, he still could be an employer, section 2750.5 notwithstanding.

This conclusion is further buttressed by *Rosas v. Dishong, supra*, 67 Cal.App.4th at page 822, which explained the interaction between section 2750.5 and section 3352, subdivision (h). The Court of Appeal held: "Additionally, the position of section 2750.5 within the statutory scheme indicates the Legislature intended to provide a potential tort remedy to unlicensed workers injured while performing a job for which a license is required. The section is placed in division 3 (§ 2700 et seq.) of the statutes, dealing with the general obligations and liability of an employer to an employee rather than divisions 4 and 4.5 (§ 3200 et seq.) dealing with workers' compensation. Section 2700 provides that the provisions of division 3 shall fully apply to all cases where the provisions of divisions 4 and 4.5 are not applicable. Section 3602, subdivision (c) provides that where the conditions of workers'

compensation liability set forth in section 3600 do not concur, the liability of the employer is the same as if division 4 had not been enacted. Section 3600, subdivision (a)(1) conditions workers' compensation coverage on both the employer and the employee being subject to the workers' compensation provisions at the time of the injury. Where a worker is excluded from workers' compensation coverage under section 3352, subdivision (h), the statutory scheme provides for potential liability under division 3, including section 2750.5." (*Rosas*, at p. 822.) Because Mr. Rodriguez has been excluded under section 3352, subdivision (h), Mr. Cedillo is potentially liable to his employee under tort theories for the injuries to his employee. (*Rosas v. Dishong, supra*, 67 Cal.App.4th at p. 822; *Hernandez v. Chavez Roofing, Inc., supra*, 235 Cal.App.3d at p. 1095.) In sum, the board properly determined that for purposes of the workers' compensation law, Mr. Rodriguez was not Mr. Reyes's employee and found that Mr. Rodriguez was Mr. Cedillo's employee.

## IV. DISPOSITION

The petition for writ of review is denied. Raul Reyes, Specialty Risk Services, and Jaime Rodriguez shall recover their costs incurred on review from the Director of Industrial Relations as administrator of the Uninsured Employers Fund.

Armstrong, J., and Mosk, J., concurred.

A petition for a rehearing was denied March 10, 2003, and petitioners' petition for review by the Supreme Court was denied June 11, 2003.