[No. A109303. First Dist., Div. One. Aug. 18, 2006.]

ERNESTO MENDOZA, Plaintiff and Appellant, v.
GLENN BRODEUR, Defendant and Respondent.

**COUNSEL**

Weltin Law Office, Brian E. Kerss, for Plaintiff and Appellant.

Aaron & Wilson, Robert S. Aaron, Timothy C. Wilson, for Defendant and Respondent.

**OPINION**

**MARCHIANO, P. J.**—This personal injury case involves the overlay of workers' compensation law.

Defendant Glenn Brodeur hired plaintiff Ernesto Mendoza, an unlicensed roofer, to replace his roof. After a few hours on the job, plaintiff fell from the roof and was injured. Plaintiff contended that defendant did not provide workers' compensation insurance. In plaintiff's personal injury action, the trial court granted defendant's motion for summary judgment on the ground that plaintiff was not an employee under workers' compensation law and

plaintiff had not come forward with evidence supporting a triable issue of fact for tort liability.

Plaintiff contends that summary judgment is unwarranted. We agree. Under Labor Code section 2750.5 and applicable case law, plaintiff is defendant's employee for purposes of tort liability. In the summary judgment proceedings below, which involved only an issue of law, it was premature to require plaintiff to come forward with evidence of defendant's negligence. Accordingly, we reverse.

## I.  BACKGROUND

### A.  *Factual Background*

The facts, as set forth in defendant's separate statement of material facts and plaintiff's response thereto, are undisputed except where noted.

Defendant, a school teacher, lives on 90th Avenue in Oakland. He and plaintiff are neighbors. Defendant needed roofing work done on his home. He either learned that plaintiff was a roofer by trade or, according to plaintiff, saw plaintiff working on another roof. Plaintiff claims that defendant and his handyman, Robert Harris, approached plaintiff and asked him to work on defendant's roof. In any case, the parties agree that defendant hired plaintiff to replace the roof on his house.[1] Plaintiff agreed to do at least the bulk of the work for a set price. Defendant did not agree to pay plaintiff for his time.

Plaintiff and "a group of individuals he had retained to assist him" started work on defendant's roof on July 19, 2003. The parties dispute who controlled the jobsite. In his separate statement and supporting declaration, defendant states that plaintiff "at all times prior to his injury retained control of the work and the worksite," and had the "right to control, and had discretion as to the manner of, the work." Defendant claimed he did not control the worksite, had no authority over plaintiff's assistants, did not provide plaintiff with tools, and did not tell him when to start and stop work.

Plaintiff, in his response to defendant's separate statement, states that Harris, whom he describes as defendant's employee, "was in charge of and

---

[1] Defendant claims he hired plaintiff "[b]ecause of his expertise in roofing." Plaintiff claims that defendant had no basis to rely on that expertise, and relied on Harris to determine whether plaintiff was capable of replacing the roof.

was supervising the job." Plaintiff also presented excerpts from his deposition, in which he repeatedly testified that Harris supervised the work or "was in charge of the job." Plaintiff also took the position that as an employer, defendant "was in control of the worksite and the work" as a matter of law.

On the same day that he started working on defendant's roof, and after working no more than four hours, plaintiff fell off the roof and was injured.

## B.   *Statutory Background*

■   This case involves the interplay of several statutes. Insurance Code section 11590 requires comprehensive personal liability insurance policies to include a provision for workers' compensation for "any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code."[2]

Section 3351, which defines "employee" for purposes of workers' compensation, provides in subdivision (d) that an employee is "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant."

Section 3352 excludes certain persons from the section 3351 definitions of "employee," and thus excludes them from workers' compensation coverage. The exclusion pertinent here is section 3352(h), which excludes from the definition of employee a person defined by section 3351(d), but who was only employed less than 52 hours in the 90 calendar days prior to the injury.[3]

Section 3706 authorizes an employee who is not excluded from compensation coverage to sue his employer in tort if the employer does not have workers' compensation insurance. The statute provides: "If any employer fails to secure the payment of [workers'] compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." The reference "this division" is to division 4 of the Labor Code, which governs workers' compensation. (§ 3200 et seq.)

---

[2] Subsequent statutory references are to the Labor Code unless otherwise indicated. We cite to statutory subdivisions of sections 3351 and 3352 by an abbreviated format, e.g., "section 3351(d)."

[3] Other exclusions in section 3352(h) are not relevant here.

■ Finally, section 2750.5 creates a rebuttable presumption that a worker performing services for which a license is required is an employee and not an independent contractor. The statute also makes a valid license a condition of independent contractor status. The Supreme Court has interpreted this statute to provide that "the person lacking the requisite license may not be an independent contractor." (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146] (*State Fund*); see *Cedillo v. Workers' Comp. Appeals Bd.* (2003) 106 Cal.App.4th 227, 233 [130 Cal.Rptr.2d 581] (*Cedillo*).) "Accordingly, the presumption that the person who employs the unlicensed contractor is the employer is conclusive. [Citations.]" (*Cedillo, supra,* at p. 233.)

Section 2750.5 is not a part of the workers' compensation law, but is contained in division 3 of the Labor Code—which deals with the employer-employee relationship. But by its own terms the statute supplements, and applies to, workers' compensation law. (See *State Fund, supra,* 40 Cal.3d at pp. 9–15; *Cedillo, supra,* 106 Cal.App.4th at pp. 232–234.)

## C. *Procedural Background*

Using a form complaint, plaintiff sued defendant for general negligence, and sought general compensatory damages as well as lost wages and hospital and medical expenses. In his negligence cause of action, plaintiff alleged: "Plaintiff was hired as an employee by Defendant Brodeur to do roofing work on Defendant's home. Defendant failed to provide the proper safety protection, equipment, system or plan. As a proximate cause of such failure Plaintiff fell from the roof to the ground, a fall of over 30 feet, severely breaking his leg and ankle, and hitting his head."

Plaintiff further alleged, on information and belief, that "Defendant does not hold workers['] compensation insurance and Plaintiff is entitled to bring this action at law pursuant to . . . section 3706."

Thus, plaintiff alleged (1) that he was an employee of defendant, (2) was injured while in defendant's employ, and (3) could sue defendant at law because defendant did not have workers' compensation insurance.

Defendant answered and alleged several affirmative defenses, including that plaintiff's exclusive remedy was workers' compensation.

Defendant then moved for summary judgment. Defendant presented evidence, which is undisputed, that at the time of the injury he did have

workers' compensation coverage as required by Insurance Code section 11590. The sole legal ground for defendant's motion was that Labor Code section 3352(h) precluded a finding that plaintiff was defendant's employee—because he worked less than 52 hours.

Defendant conceded for purposes of his motion that plaintiff was not a licensed roofer. Defendant made a legal argument, based on two Court of Appeal decisions, that section 2750.5 did not make plaintiff his employee because that statute does not override the definitions of employee in section 3351 and the exclusions from that definition, including section 3352(h).

In the "Conclusion" section of his memorandum of points and authorities in support of his motion, defendant briefly argued that he had shown he was entitled to summary judgment as a matter of law, and thus the burden shifted to plaintiff to make a prima facie showing of a triable issue of material fact. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) Specifically, defendant argued his "evidence and authority . . . establish[ed an] absence of an employment relationship . . . ." Despite the legal, not evidentiary, focus of his motion, defendant also argued that "[t]he evidence also establishes that no act or omission on the part of Defendant caused Plaintiff's injury. As such, the burden now shifts to Plaintiff to establish a triable issue of fact."

In opposing the motion, plaintiff admitted that he was not seeking workers' compensation benefits because he was excluded from coverage by section 3352(h). Plaintiff maintained that under applicable law the exclusion from workers' compensation coverage gave him the right to pursue a tort action, and that section 2750.5—coupled with defendant's concession that plaintiff was unlicensed—made defendant his employer for purposes of tort liability.

In his reply to the opposition, defendant argued that the evidence that plaintiff worked less than 52 hours established that he was not an employee as a matter of law. Defendant did concede that plaintiff had created a triable issue of fact regarding who controlled the worksite. But defendant argued that plaintiff had not met his burden of showing a triable issue of fact because "he has introduced no evidence establishing how defendant's control over the worksite was deficient or contributed to his injury."

The trial court granted defendant's motion for summary judgment. The court found that it was undisputed that plaintiff worked for less than 52 hours and thus was excluded from being an employee under section 3352(h). But the court found section 2750.5's presumption of employee status for an

unlicensed contractor "ultimately immaterial." The court then concluded that defendant's evidence on control of the worksite was sufficient to shift the burden to plaintiff to show a triable issue of fact. Because "Plaintiff presented no evidence to show how any duty of Defendant to Plaintiff was breached, let alone to establish causation," the court granted the motion and dismissed plaintiff's complaint.

## II. DISCUSSION

We review the grant of summary judgment de novo. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].) A defendant moving for summary judgment bears the initial burden of showing that one or more elements of a cause of action cannot be established, or that there is a complete defense to the cause of action. Once this burden is met, the burden shifts to the plaintiff to show that there is a triable issue of material fact as to the cause of action, supported by reference to specific facts and not mere allegations of the pleadings. (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar, supra,* 25 Cal.4th at p. 849; *Brizuela v. CalFarm Ins. Co.* (2004) 116 Cal.App.4th 578, 586 [10 Cal.Rptr.3d 661].)

Summary judgment is a "drastic measure that deprives the losing party of a trial on the merits. [Citation.]" (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46] (*Molko*).) It should therefore "be used with caution . . . ." (*Ibid.*) On review of a grant of defense summary judgment, we view the evidence in the light most favorable to the plaintiff. (*Ibid.; Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 142 [14 Cal.Rptr.3d 109].) "Any doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Molko, supra,* at p. 1107.)

Plaintiff contends that the trial court erred by granting the summary judgment motion because his exclusion from workers' compensation coverage under section 3352(h) does not bar him from suing in tort. Plaintiff is correct for the following reasons.

■■ When defendant argues that plaintiff is not his employee because of section 3352(h), defendant overlooks the fact that this means that plaintiff is not his employee *only for the purposes of workers' compensation.* Section 3352(h) does not ipso facto preclude any employment relationship between defendant and plaintiff. Rather, because plaintiff is concededly unlicensed, section 2750.5 kicks in and creates an employment relationship. And that relationship allows plaintiff to maintain an action in tort.

We addressed a similar issue in *Furtado v. Schriefer* (1991) 228 Cal.App.3d 1608 [280 Cal.Rptr. 16] (*Furtado*). Schriefer hired Furtado to paint his house. It was undisputed that Furtado required a license for the painting, but did not have one. While painting the house, Furtado fell and was injured. He sued Schriefer. (*Id.* at pp. 1611–1612, 1616.) The trial court found that Furtado was Schriefer's employee pursuant to section 2750.5, but the court did not consider the impact of section 3352(h)—despite the dispute over whether Furtado had worked less than 52 hours. (*Furtado, supra,* at pp. 1612, 1614.)

We agreed with the trial court that under section 2750.5, Furtado could not be an independent contractor for purposes of workers' compensation law. (*Furtado, supra,* 228 Cal.App.3d at p. 1616.) We reversed on the ground that section 3352(h) and section 2750.5 have to be construed together. "Section 2750.5 supplements the definitions of employee and independent contractor found in the workers' compensation statutory scheme. It does not purport to override those definitions." (*Furtado, supra,* at p. 1617.) We remanded so the trial court could determine whether Furtado was an employee for purposes of workers' compensation coverage, or was excluded by section 3352(h). If Furtado was found to be excluded, we held that "Furtado should be allowed to proceed with his personal injury action against Schriefer." (*Furtado, supra,* at p. 1617, fn. omitted.)

The Court of Appeal reached a similar conclusion in *Rosas v. Dishong* (1998) 67 Cal.App.4th 815 [79 Cal.Rptr.2d 339] (*Rosas*). The Dishongs hired Rosas to do tree-trimming work which required a license that Rosas did not have. Rosas was injured while trimming, and filed a workers' compensation claim. The Dishongs' homeowners insurance carrier denied the claim under section 3352(h). Rosas then sued the Dishongs in tort, alleging general negligence and premises liability. (*Rosas, supra,* at pp. 817–818.)

The *Rosas* court upheld the trial court's conclusion that section 2750.5 made Rosas an employee as a matter of law for purposes of tort recovery. (*Rosas, supra,* 67 Cal.App.4th at pp. 818–823.) The court accepted the analysis followed by the trial court: while Rosas was excluded as an employee for purposes of workers' compensation by section 3352(h), "as an unlicensed contractor performing work for which a license is required, he is deemed to be an employee for civil tort purposes and potentially entitled to recovery. (§ 2750.5.)" (*Rosas, supra,* at p. 821.) The court noted that division 3 of the Labor Code, which includes section 2750.5, is meant to apply when the workers' compensation statutes do not: "Where a worker is

excluded from workers' compensation coverage under section [3352(h)], the statutory scheme provides for potential liability under division 3, including section 2750.5." (*Rosas, supra,* at p. 822.)

We thus conclude that plaintiff was an employee of defendant by operation of section 2750.5. Since plaintiff was not an employee for purposes of workers' compensation law, he can maintain an action in tort against defendant.[4]

This brings us to the proper disposition of the summary judgment motion. As noted, the sole ground of that motion was whether section 3352(h) excluded plaintiff as an employee. It does, but only for purposes of workers' compensation. Given defendant's concession that plaintiff is unlicensed, section 2750.5 operates to allow the present tort action.

Summary judgment should not have been granted. No evidentiary burden shifted to plaintiff. Virtually the entire argument of defendant's motion was the legal impact of section 3352(h)—which, of course, overlooked the impact of section 2750.5. Defendant only noted in passing, and at the conclusion of his motion memorandum, that "[t]he evidence also establishes that no act or omission on the part of Defendant caused Plaintiff's injury." The evidence did no such thing, because there *was* no evidence put forward by defendant regarding the exact circumstances of the accident and injury.

Plaintiff had nothing to refute. The evidentiary issue of fault—including violation of duty, negligence, and causation—simply was not properly addressed by the motion for summary judgment. The only evidence regarding the actual injury involved only the question of control of the worksite, not fault—and even that evidence, as defendant concedes, raises a triable issue of fact.

The drastic disposition of dismissal of plaintiff's case was legally unwarranted. It was premature to require him to come forward with evidence to show a triable issue of fact when defendant had not shifted the evidentiary burden.

---

[4] We note that defendant relies on *Furtado, supra,* 228 Cal.App.3d 1608, without seeming to realize it supports plaintiff. We also note that defendant relied below on *Cedillo, supra,* 106 Cal.App.4th 227. That case has rather complicated facts which we need not discuss in detail. But despite defendant's reliance on *Cedillo,* that case does rely on *Rosas, supra,* 67 Cal.App.4th 815, and supports our conclusion that an unlicensed contractor excluded by section 3352(h) may sue in tort as an employee under section 2750.5. (*Cedillo, supra,* at pp. 234–237.)

## III. DISPOSITION

The judgment of dismissal following the order granting the motion for summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion. We express no opinion on the merits of plaintiff's action in tort.

Swager, J., and Margulies, J., concurred.