[EDITORS' NOTE: TEXT NOT CERTIFIED FOR PUBLICATION APPEARS WITH GRAY BACKGROUND BELOW.]
OPINION
Appellant Octoviano Cortez appeals from the judgment entered in favor of respondents Lourdes and Omar Abich (collectively the Abiches) following the trial court's order granting their motion for summary judgment. We affirm. *Page 263 
 FACTUAL AND PROCEDURAL BACKGROUND
In 2006, the Abiches embarked on a remodeling project of their home in Pasadena. They wanted to add a new roof, master bedroom, master bath, and a garage to their home, adding over 750 square feet. The Abiches hired Miguel Quezada Ortiz, among others, to perform the remodel. Although what Ortiz was hired to do is in dispute, appellant claims Ortiz was hired to demolish the roof. Ortiz did not have a contractor's license, which the Abiches concede was required. The Abiches did not ask Ortiz if he had a license and were unaware that he did not have one. Omar Abich obtained the necessary permits from the City of Pasadena, but did not supervise the work. The Abiches moved out of the house, and the project started in October or November 2006.
Ortiz hired appellant.[1] On the first day of the job, believing he was supposed to help Ortiz demolish the roof, appellant went up on the roof without being given any specific instructions to do so. Appellant conceded he saw that half of the roof was gone. As he climbed on the roof, he observed Ortiz and another worker removing nails from the remaining portion. After taking two steps, he fell through the roof and suffered a fractured spine.
In January 2007, appellant sued Ortiz, alleging general negligence (failure to warn and failure to make work area safe) and premises liability (negligence in maintenance, management, and operation of premises).[2] In March 2007, he amended his complaint to add the Abiches as Doe defendants.
In April 2008, the Abiches filed a motion for summary judgment, contending they had no duty to warn appellant of the condition of the roof because he went up there on his own accord and any danger was open and obvious. They also argued that the work safety requirements of the California Occupational Safety and Health Act of 1973 (OSHA) contained in Labor Code section 6300 et seq. did not apply to the residential remodeling project.
Appellant responded that because they failed to hire a licensed contractor, the Abiches were his employer. As such, he alleged they had a duty to maintain a safe working environment as required by OSHA and failed to do so. Recognizing that OSHA does not apply to workers who provide "household domestic service" (Lab. Code, § 6303, subd. (b)), appellant asserted that the remodeling job did not fall within the definition of such services. He argued that even if OSHA did not apply to the Abiches, there was a triable *Page 264 
issue of fact concerning whether his duties required him to get on the roof and whether the dangerous condition of the roof was open and obvious.
The trial court's ruling granting summary judgment stated, inter alia, "The only disputed facts are immaterial to the legal issue to be decided. The court finds as a matter of law that plaintiff was not an employee of the Abich defendants. Pursuant to Labor Code [section] 3352[, subdivision] (h), plaintiff is excluded from being an employee of the Abich defendants, and pursuant to Labor Code 2750.5, plaintiff is the employee of defendant Ortiz. See CEDILLO V. WORKER'S COMPENSATION APPEAL BOARD (2003) 106 Cal.App.4th 227 [130 Cal.Rptr.2d 581]. [¶] It is undisputed that plaintiff was on the premises to perform work, that he was hired by defendant Ortiz, and that he was injured on the first day of work. [¶] There is a dispute concerning whether a license was required to perform the work plaintiff was hired to do. There is a dispute about whether plaintiff voluntarily went up on the roof or whether he believed it was his job to help Ortiz. Neither of these disputes of fact is material to the issue of whether plaintiff was employed by the Abich defendants. [¶] Plaintiffs contention that the Abich defendants were required to comply with OSHA requirements fails as a matter of law because they were not plaintiff's employer. Even if they were found to be his employer, this contention fails as it is unsupported by any citation to a California cas[e] in which OSHA compliance was imposed on a homeowner, [¶] To the extent plaintiff seeks to hold the Abich defendants liable as homeowners on a concealed danger theory, the court finds as a matter of law that the Abich defendants had no duty to inspect the roof for `soft spots' in order to ensure the safety of the workers. The roof of a house undergoing a remodeling project does not present a concealed danger but an open and obvious one."
 DISCUSSION
1. Standard of Review
"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.]" (Merrill v. Navegar, Inc. (2001)26 Cal.4th 465, 476 [10 Cal.Rptr.2d 370, 28 P.3d 116].)
If a defendant establishes that one or more elements of a cause of action cannot be established or that there is a complete defense to that cause of action, the burden shifts to the plaintiff to show that a triable issue exists as to one or more material facts. (Doe v. CaliforniaLutheran High School Assn. (2009) 170 Cal.App.4th 828, 834 [88 Cal.Rptr.3d 475], citing Aguilar v. Atlantic Richfield Co. (2001)25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493].) If the trial court finds that no triable issue of fact exists, it then *Page 265 
has the duty to determine the issue of law. (California School ofCulinary Arts v. Lujan (2003) 112 Cal.App.4th 16, 22 [4 Cal.Rptr.3d 785].)
On appeal, we review the trial court's decision de novo. (Merrill v.Navegar, Inc., supra, 26 Cal.4th at p. 476.) We view the evidence in a light favorable to appellant as the losing party. (Saelzler v. AdvancedGroup 400 (2001) 25 Cal.4th 763, 769 [107 Cal.Rptr.2d 617, 23 P.3d 1143].)
II. Appellant's Theories of Liability
A. The Duty to Provide a Safe Workplace
Appellant contends that the Abiches were his employer, even though they did not hire him directly, because Ortiz was an unlicensed contractor. He relies on Labor Code section 2750.5, [3] which provides a rebuttable presumption that a person who performs services for which a license is required is an employee rather than an independent contractor. Appellant argues that because Ortiz was unlicensed, both Ortiz and appellant were the Abiches' employees.
Relying on sections 2750.5 and 3352, subdivision (h) and Cedillo v.Workers' Comp. Appeals Bd., supra, 106 Cal.App.4th 227 (Cedillo), the trial court found that the Abiches were not appellant's employer for any purpose. To the extent it believed the Abiches were shielded from potential tort liability because they were not appellant's employer, the trial court was incorrect.
In Cedillo, a homeowner hired an unlicensed and uninsured roofing contractor to repair his roof, and the contractor in turn hired another individual to perform the work. That individual, one Jaime Rodriguez, began work on the homeowner's roof and was injured while in the course of repairing it. (Cedillo, supra, 106 Cal.App.4th at p. 230.) After the workers' compensation judge found the homeowner was Rodriguez's employer, the homeowner and his insurer (the provider of homeowners insurance) filed a reconsideration motion with the Workers' Compensation Appeals Board (Board). Relying on section 3352, subdivision (h), the Board ruled that Rodriguez was not the homeowner's employee.[4]
Notwithstanding the presumption in section 2750.5 that an unlicensed contractor is not an independent contractor but an employee, it determined that for purposes of workers' compensation coverage, the contractor was Rodriguez's employer. As the *Page 266 
contractor was uninsured, the Board ordered the Director of the Department of Industrial Relations (Director) to pay Rodriguez's benefits. The Director appealed on the contractor's behalf. (106 Cal.App.4th at pp. 230-232.)
The appellate court agreed with the Board. It reasoned that if section 2750.5 were read in isolation, the contractor would escape liability under the workers' compensation law by being uninsured and escape liability in court because he was unlicensed. This would have the undesired effect of rewarding a contractor who flouted the law by being unlicensed and uninsured. Thus, the court found the Board correctly concluded that under section 2750.5, for workers' compensation purposes, a worker could be an employee of both the hiring party (the homeowner) and the unlicensed contractor. Because section 3352, subdivision (h) barred the homeowner from being Rodriguez's employer, the responsibility fell to the contractor to insure against any injury. (Cedillo, supra,106 Cal.App.4th at pp. 236-237.)
However, Cedillo is distinguishable because, unlike our case, it did not involve a negligence claim by an employee against a homeowner. The issue was whether the homeowner or the unlicensed contractor was the worker's employer for purposes of the workers' compensation law. (Cedillo, supra, 106 Cal.App.4th at p. 237.) Here, the question is whether section 2750.5 makes the Abiches appellant's employer with respect to potential tort liability. We conclude it does.
The court in Rosas v. Dishong (1998) 67 Cal.App.4th 815 [79 Cal.Rptr.2d 339] (Rosas) examined this very issue. The Dishongs hired Rosas to trim a tree branch hanging over their house, a service that required a license.[5] While attempting to trim the branch, Rosas fell and was injured. Rosas filed a workers' compensation claim, but the Dishongs' insurance carrier denied it because Rosas had not worked the requisite hours required by section 3352, subdivision (h). Thereafter, Rosas sued the Dishongs, alleging negligence. (67 Cal.App.4th at pp. 817-819.) He argued that section 2750.5 made the Dishongs his employer as a matter of law. The court agreed. It concluded that section 2750.5 was intended to provide a potential tort remedy to unlicensed workers who were not otherwise covered by the workers' compensation laws. (67 Cal.App.4th at pp. 822-824.)
While the trial court in the instant case correctly found that the Abiches were not appellant's employer for purposes of the workers' compensation law, it erred when it reached the same conclusion with respect to his negligence suit against them. *Page 267 
As he did below, appellant asserts that the Abiches had a duty to provide him with a safe working environment pursuant to OSHA. The significance of this is that if he is correct with respect to duty and the Abiches violated an OSHA regulation, they would be deemed negligent as a matter of law and barred from asserting assumption of the risk or contributory negligence defenses. (§ 2801.)
We come to the heart of this appeal. The Abiches contend that even if they are deemed appellant's employer pursuant to section 2750.5, the OSHA regulations do not apply to their home remodeling project. The trial court agreed. So do we.
Our Supreme Court examined whether a homeowner who hired a tree trimmer was required to comply with OSHA regulations in Fernandez v. Lawson
(2003) 31 Cal.4th 31 [1 Cal.Rptr.3d 422, 71 P.3d 779] (Fernandez). The facts were virtually identical to those in Rosas. Lawson hired Fernandez, who did not possess the appropriate license, to trim his tree. In doing so, Fernandez was injured. Fernandez was barred by section 3352, subdivision (h) from being deemed an employee eligible for workers' compensation benefits. He then sued Lawson and asserted, as did appellant, various violations of OSHA safety regulations. The trial court granted Lawson summary judgment, finding that OSHA did not apply to noncommercial tree trimming performed at a private home. The Court of Appeal reversed the trial court, disagreeing with the contrary conclusion reached by the court in Rosas. (31 Cal.4th at pp. 35-36.)
OSHA requires that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for the employees therein." (§ 6400, subd. (a).) As we have discussed, section 6303, subdivision (b) excludes "household domestic service" from the definition of employment. Thus, the Supreme Court considered whether the tree trimming that was performed fell within that exception.
The court noted that the OSHA statutes do not define "household domestic service" and the act's legislative history offers no further guidance as to the meaning of that term. Reviewing the purpose of the 1973 overhaul of the OSHA regulations, which was to develop and enforce occupational safety and health standards throughout the state, it found that "household domestic service" likely refers to the performance of tasks in and outside a private residence and "implies duties that are personal to the homeowner." (Fernandez, supra, 31 Cal.4th at p. 37.) The court concluded that "overwhelming public policy and practical considerations make it unlikely the Legislature intended the complex regulatory scheme that is OSHA to apply to a homeowner hiring a worker to perform tree trimming. . . . `Moreover, *Page 268 
homeowners are ill-equipped to understand or to comply with the specialized requirements of OSHA.' [Citation.]" (Ibid.) Finally, the court rejected the argument that a task requiring a license must always fall outside of OSHA's "household domestic service" exclusion. (31 Cal.4th at p. 38.) It held that OSHA did not apply to the tree trimming work performed and reversed the judgment of the Court of Appeal.
Appellant argues that "[e]ngaging in the difficult, complex and potentially dangerous task of remodeling a home through major construction (adding a new roof, new master bedroom, new master bath, etc.) while exposing yourself and others to death or great bodily harm is not the equivalent of gardening, house cleaning, cooking or caring for children." As a result, he urges that OSHA regulations should apply to the Abiches' remodeling of their private residence.
While we acknowledge that demolishing a roof is not the same as trimming or removing a portion of a tree, we nonetheless conclude that the rationale of Fernandez should apply here as well. Appellant contends that when determining whether OSHA regulations apply to a personal home project, the focus should be on the nature and complexity of the task at hand. The Court of Appeal in Fernandez accepted that concept when it stated that the test for determining whether tree trimming qualifies as a "household domestic service" should be whether the average member of the household has the skill and competence to perform the work. (Fernandez,supra, 31 Cal.4th at p. 38.) The Supreme Court disagreed, finding that the "Court of Appeal's approach creates massive uncertainty for a homeowner as to when OSHA would apply. Homeowners are in no position to assess whether they are an `average' homeowner in terms of their tree trimming competence." (Ibid.)
In deciding whether OSHA applies to the Abiches' project, the focus of the inquiry should be on the status of the hirer. Historically, OSHA regulations have been directed at commercial activities. (See Rosas,supra, 67 Cal.App.4th at p. 826.) The Rosas court found that "[c]ourts in other jurisdictions have concluded OSHA does not apply to homeowners," citing cases from Washington and Minnesota.[6] (67 Cal.App.4th at pp. 825-826.) We find it unlikely the Legislature intended a regulatory scheme addressed to commercial enterprises to apply to a homeowner who hires someone to remodel his personal residence. Homeowners are no better equipped to understand and comply with OSHA requirements simply because they decide to remodel their home instead of hiring someone to trim trees on their property. *Page 269 
Appellant contends that nothing in the OSHA regulations limits their application to businesses. Nor do they provide an exemption to homeowners. While he is technically correct, his analysis begs the question. We still must discern the meaning of the exemption contained in OSHA that the regulations do not apply to "household domestic service." (§ 6303, subd. (b).) While we do not suggest that every project undertaken by a homeowner is exempt from the application of the OSHA regulations, we conclude the remodel at issue is exempt because its purpose was personal — to enhance the owners' enjoyment of their residence. We believe our conclusion tracks the goal of OSHA in that it directs its regulatory effect toward the intended target — business employers.[7]
There is another consideration that convinces us that it is appropriate not to apply the OSHA scheme to homeowners. Oftentimes an owner will hire a professional to perform work because he or she lacks the requisite expertise. It is only reasonable for that owner to assume the professional will understand the safety issues involved. A homeowner, especially one who is absent from the premises and does not supervise the work (like the Abiches), would not expect to be responsible for ensuring that safety regulations are enforced because the contractor he or she hired had violated the law by not possessing the necessary license. In determining that OSHA should not apply to the tree trimming at a private home, the Supreme Court stated: "Imputing OSHA liability to a homeowner under the circumstances of this case violates basic notions of fairness and notice." (Fernandez, supra, 31 Cal.4th at p. 37.) We conclude the same here.
The trial court correctly ruled that the Abiches were not required to comply with OSHA as a matter of law.[8]
 B. The Abiches' Duty to Warn Appellant of a Dangerous Condition
The trial court found that the roof in question did "not present a concealed danger but an open and obvious one." Appellant concedes that as a general rule an owner owes no duty to warn of obvious dangers on the property. However, he asserts he was not "on notice of there being anything wrong with the half of the roof that had not been taken down. In other words, there is no evidence that [he] was on notice of the specific danger — a soft roof spot — that caused [him] to fall so as to make it an open and obvious danger as a matter of law." We are not persuaded. *Page 270 
"Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition." (Krongos v. Pacific Gas Electric Co. (1992) 7 Cal.App.4th 387, 393
[9 Cal.Rptr.2d 124].) Appellant testified at his deposition that his job was to help demolish the roof. When he got on the roof, his coworkers were removing nails from it. Appellant admitted he saw that half of the roof was gone. It strains reason to suggest that a partial roof in the midst of demolition is not an open and obvious dangerous condition. Appellant's attempt to parse the specific flaw in the roof — the alleged soft spot — in order to claim he lacked notice is unavailing. Any reasonable person who sees a partial roof and knows that he or she is there to dismantle it is confronted with an open and obvious danger as a matter of law. This is no less so simply because he or she does not knowexactly why the roof presents a danger.
The trial court properly found that the Abiches had no duty to warn appellant of the condition of the roof.
 DISPOSITION
The judgment is affirmed. The Abiches are awarded their costs on appeal.
Manella, J., concurred.
[1] Omar Abich and Ortiz testified at their respective depositions that appellant was only supposed to remove a deck in the backyard, but appellant claimed he was hired to assist Ortiz in removing the roof.
[2] Ortiz's default was entered in April 2007. He is not a party to this appeal.
[3] All further undesignated statutory references are to the Labor Code.
[4] For workers' compensation purposes, section 3352, subdivision (h) excludes from the definition of an employee a person who has worked less than 52 hours for an employer during a specified 90-day period.
[5] The tree in question exceeded 15 feet in height and the task of trimming it required a license under Business and Professions Code section 7026.1, subdivision (d).
[6] We recognize that the out-of-state cases are not directly on point because they did not discuss the meaning of the term "employment" in the OSHA statute. We mention them as they suggest a trend toward exempting the homeowner from the reach of OSHA regulations.
[7] Although appellant asks us to look to federal regulations that define "domestic household service," we are bound by the interpretation outlined by our Supreme Court in Fernandez.
[8] Given our conclusion, we need not discuss appellant's claim that the trial court based its ruling on section 3352, subdivision (h) without giving the parties an opportunity to address its applicability.