ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff—Appellant,

v.

Peter SZEMEREDI, et al., Defendants—Appellees.

Allstate Insurance Company, an Illinois corporation, Plaintiff—Appellee,

v.

Peter Szemeredi, et al., Defendants,

and

Barbara Swor, et al., Defendants—Appellants.

Nos. 01–16689, 01–16832.

D.C. No. CV–00–02896–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 17, 2002.

Before BERZON and TALLMAN, Circuit Judges, and MILLER,* District Judge.

## MEMORANDUM **

Allstate Insurance Company appeals the determination that Peter Szemeredi was covered by his parents' automobile insurance policy for liability incurred while a passenger in a car, not owned by the Szemeredi family, driven by Brian Meade. We reverse. Appellees Barbara Swor, Patricia Wiley, and Andrew Simpson cross-appeal the determination that neither Szemeredi nor another passenger, Jonathan Drew, were covered for the same incident under the terms of their parents' Homeowner's Insurance Policies. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. In his role as a passenger, Peter Szemeredi did not "use" the Meade car in the sense in which that term is employed in the relevant automobile policy. Certainly, the term "use" is amenable to varied interpretations. Had the policies explicitly adopted a definition of the term "use" which encompassed a passenger riding in a vehicle, we would be bound by the language of the policy, even though the term "use" is otherwise defined for purposes of the California Insurance Code. *See State Farm Fire & Cas. Co. v. W.C.A.B.*, 16 Cal.4th 1187, 69 Cal.Rptr.2d 602, 947 P.2d 795, 801 n. 7 (1997) ("an insured is not required to consult the California codes to discover any statutory limitations on coverage but is ordinarily entitled to trust the language of the policy"); *Utah Prop. & Cas. Ins. Guar. Ass'n v. United Serv. Auto. Ass'n*, 230 Cal.App.3d 1010, 1019, 281 Cal.Rptr. 917 (1991) (statutory provisions cannot limit coverage otherwise provided by the policy).

But we have held that where, as here, the policy leaves the term "use" undefined, that term carries a meaning consistent with the meaning employed in the relevant statutory provisions. *National Union Fire Ins. Co. v. Showa Shipping Co. LTD.*, 47 F.3d 316, 321 (9th Cir.1995) (relying on Cal. Ins.Code § 11580.06(f) & (g) definition of "use"). Contrary to appellee's argument, this holding in *Showa* is not dicta. Rather, it is a necessary link in the logic supporting one of two alternative holdings.

---

\* The Honorable Jeffrey T. Miller, United States District Judge for the District of Southern California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Best Life Assurance Co. v. Comm'r of Internal Revenue,* 281 F.3d 828, 834 (9th Cir.2002) (alternative holdings are not dicta).

We therefore apply the statutory definition of "use" to the Allstate Policy. Under the statutory definition of "use," Szemeredi did not use the Meade car and was therefore not an "insured person."

2. Although Szemeredi did not "use" the Meade car, it is undisputed that Brian Meade did, because Meade drove the car. The accident which created Szemeredi's liability arose out of Meade's use of the car. The Homeowner's Insurance Policy excluded coverage for all injuries "arising out of" the use of any vehicle without regard to who was using it. Szemeredi's liability is therefore not covered by that policy.

3. For the reasons stated, we REVERSE the district court's determination that Szemeredi was covered by his parents' Automobile Insurance Policy, and AFFIRM its determination that Szemeredi and Drew were not covered by their parents' Homeowner's Insurance Policies. Each party shall bear its own costs on appeal.