**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA RZEPECKI, an individual, | No. 20-55498 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00180-FMO-KS |
| v. | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, an Ohio corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 10, 2021**
Pasadena, California

Before:  M. SMITH, MURGUIA, and OWENS, Circuit Judges.

Plaintiff Laura Rzepecki appeals from the district court's dismissal of her

claims for declaratory relief, breach of contract, and bad faith against Defendant

Nationwide Insurance Company ("Nationwide").  We review de novo both a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 572 (9th Cir. 2020), and a district court's determination of state law, *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 983 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Nationwide's exclusion does not violate the mandate of coverage under California's Uninsured Motorist Act ("UM Act"), nor does its definition of "spouse" violate California law. "[E]very insurance policy must be read [to] provide the minimum coverage required by law[.]" *State Farm Fire & Cas. Co. v. Workers' Comp. Appeals Bd.*, 947 P.2d 795, 801 (Cal. 1997) (citation omitted). And an "insurance policy which on its face provides *more* than the minimum coverage required by law [will not] be read so as to eliminate that extra coverage." *CalFarm Ins. Co. v. Wolf*, 103 Cal. Rptr. 2d 584, 589 (Ct. App. 2001) (citation omitted). Nationwide's broader definition of "spouse" is applied to the entire California Endorsement, and not just the exclusions, thus broadening who is covered under the policy. Nationwide's exclusion is also not new to, nor does it contradict, the UM Act. *See* Cal. Ins. Code § 11580.2(c)(6). It merely defines who qualifies as a "spouse," which is not defined in the UM Act, for purposes of the policy and the exclusion. *See id.* § 11580.2(b). Nationwide's definition of

2

"spouse" is also consistent with the legislature's intent in adding this exclusion in section 11580.2(c)(6). *See Hartford Cas. Ins. Co. v. Cancilla*, 34 Cal. Rptr. 2d 302, 306 (Ct. App. 1994); Cal. Ins. Code § 11580.2(c)(6).

Nationwide's exclusion is also conspicuous, plain, and clear. "[T]o be enforceable, any provision that takes away or limits coverage reasonably expected by an insured must be 'conspicuous, plain and clear.'" *Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004) (citation omitted). Nationwide's exclusion is conspicuous because it is "placed and printed so that it will attract the reader's attention." *Id.* The relevant endorsement is mentioned on the third page of the policy packet, the exclusions are found on the second page of the California Uninsured Motorists Policy under the heading "**EXCLUSIONS**," and the exclusion at issue is listed first. The amended definitions are listed under "**DEFINITIONS**," the first definition provided is "you," and that definition explicitly includes "spouse," and "domestic partner," which is defined at the bottom of the same page. It is immaterial that "you" is not distinguished in any way in the text of the exclusion because we interpret a policy in its entirety and "[e]ach provision of an insurance contract must be considered with reference to every other clause on which it has a bearing." *Elwood v. Aid Ins. Co.*, 880 F.2d 204, 206 (9th Cir. 1989).

Nationwide's exclusion is plain and clear because the words used are "part

of the working vocabulary of the average layperson." *Haynes*, 89 P.3d at 385.
Nationwide explicitly defined the term "you" and brought it "to the attention of the
party." *Id.* at 389 (citation omitted). Rzepecki's argument that the definition of
"domestic partner" is ambiguous fails because she does not demonstrate how "the
terms are . . . susceptible of more than one reasonable interpretation," and she
concedes that Robert Frazier falls under the definition. *Montrose Chem. Corp. v.
Superior Ct. of L.A. Cnty.*, 460 P.3d 1201, 1210 (Cal. 2020) (citation omitted). The
reasonable expectation of the insured is thus irrelevant. *See Elwood*, 880 F.2d at
209.

By failing to include the bad faith claim in her opening brief, Rzepecki
waived any argument that judgment on this claim should be reversed. *See Shivkov
v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1061 (9th Cir. 2020) ("[O]n appeal,
arguments not raised by a party in its opening brief are deemed waived." (citation
omitted)).

**AFFIRMED.**